■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL PEREZ, Appellant.—Judgment, Supreme Court, New York County (Rena Uviller, J.), rendered January 12, 1989, convicting defendant, after a jury trial, of two counts of robbery in the second degree, criminal possession of a weapon in the third degree, and escape in the second degree and sentencing defendant, as a second felony offender, to concur-

rent prison terms of from 7½ to 15 years on the robbery charges, consecutive with a prison term of from 3½ to 7 years on the weapon charge, and consecutive to a term of 2 to 4 years on the escape charge, unanimously affirmed.

On the night of June 8, 1988, a New York City police officer stationed at 38th Street and Lexington Avenue, alerted by a radio run to the descriptions of two men who had minutes earlier committed a robbery at 42nd Street and Second Avenue, observed and approached two suspects who matched the radioed descriptions. As the officer drew closer, defendant pointed to his accomplice and exclaimed, "He grabbed a woman's purse. Grab him." Both were frisked; a pair of chuka sticks was found in defendant's pocket. The complainant and a witness arrived, and both identified defendant and his accomplice.

Following a pretrial hearing, the court denied defendant's motion to suppress the chuka sticks. On this appeal, defendant contends that the police did not have a reasonable belief that he was armed and dangerous which would serve to justify the frisk. However, if the police have reasonable suspicion to stop a defendant based upon a radio run that a robbery had been committed which gives descriptions of the perpetrators, an independent source for belief in danger is not necessary to justify the frisk (People v Mack, 26 NY2d 311, 317, cert denied 400 US 960).

Defendant also contends that the court's Sandoval ruling, allowing the prosecutor to ask him if he was previously convicted of a robbery and a burglary, was erroneous. Given defendant's lengthy criminal record, the court's Sandoval ruling represented a proper exercise of discretion (People v Bennette, 56 NY2d 142).

Defendant also argues that the court committed error in excluding his exculpatory statements as hearsay. Defendant urges that his statement to the effect that his accomplice grabbed the complainant's purse was part of the res gestae, and was therefore admissible. However, the statements were not part of the res gestae since the statements were not part of the robbery, but rather constituted self-serving statements made after the crime, not incident to the criminal conduct. Thus, the statements were properly excluded as hearsay (People v Salko, 47 NY2d 230, rearg denied and mot to amend remittitur granted 47 NY2d 1010).

Defendant also insists that there was insubstantial evidence of physical impairment and substantial pain to convict him of

second degree robbery (Penal Law § 160.10 [2]). Defendant's argument is meritless since the complainant's description of her injuries and the three-week duration of her pain, including two visits to her employer's health center, constituted sufficient evidence of physical injury as defined by Penal Law § 10.00 (9).

Lastly, defendant's argument that he should have received a concurrent sentence for possession of the chuka sticks since use of the chuka sticks was a material element of the robbery count must be rejected since defendant's possession of the chuka sticks was separate and distinct from the robbery *(People v Robbins,* 118 AD2d 820). Concur—Kupferman, J. P., Sullivan, Milonas, Asch and Kassal, JJ.