(June 20, 1991)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT JAHELKA, Appellant.—Judgment, Supreme Court, New York County (Frederic Berman, J.), rendered November 28, 1989, convicting defendant after a jury trial of two counts of attempted burglary in the second degree, and sentencing him as a predicate felon to concurrent terms of imprisonment of from 3 to 6 years, unanimously affirmed.

In this prosecution for burglary, a photograph showing the window through which defendant entered the premises, which also depicted a window gate which had been enlarged following the commission of the crime, was properly admitted into evidence. Although the photograph was not an exact depiction of the gate on the night of the crime, insofar as additional fencing was added by the time that the photograph was taken, this difference was properly explained and was not prejudicial *(see, Saporito v City of New York,* 14 NY2d 474).

The trial court properly balanced the probative value of defendant's prior convictions for burglary and criminal mischief against the risk of undue prejudice *(People v Sandoval,* 34 NY2d 371). We find no abuse of discretion in permitting inquiry into the convictions, without inquiry into the underlying facts. The mere fact that defendant specializes in a certain type of crime does not insulate him from impeachment *(see, People v Rahman,* 62 AD2d 968, *affd* 46 NY2d 882). The present juxtaposition of theft related crimes did not deprive defendant of a fair trial *(see, People v Perez,* 166 AD2d 166, *lv denied* 76 NY2d 989).

Finally, we find no error in the prosecutor's rhetorical

comment on summation that defendant's theory of the case was tantamount to a "fairy tale" *(see, People v Stokes,* 165 AD2d 763, *lv denied* 76 NY2d 991). Concur—Murphy, P. J., Carro, Wallach, Kupferman and Smith, JJ.