THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY COOK, Appellant

At the suppression hearing, the arresting officers testified that they received a radio communication reporting a shooting at 1039 College Avenue in the Bronx. According to one of the officers, the radio transmission described the suspect as a stocky black male, wearing a red or pinkish-red shirt, who frequented the area near 170th Street and College Avenue; the other officer testified similarly, but recalled that the suspect was also described as five foot nine and known to frequent the area of 166th and Clay Avenue. As the officers proceeded to the broadcast locations, they observed a black man, defendant herein, fitting the description wearing what the officers described as both a "red shirt that stood out" and as a "pinkish-red shirt". The officers followed defendant briefly and observed him looking over his shoulder at their patrol car two or three times. They parked and exited their car, approached defendant with guns drawn, and instructed him not to move. Defendant obeyed by placing his hands up against a nearby fence. One of the officers frisked him, felt a hard object, and lifted his shirt to reveal a .22 caliber gun with one spent round in its cylinder. After notifying dispatch of defendant's arrest, the victim's brother was brought to the scene, where he identified defendant as the assailant. At the precinct, a search of defendant produced $700 and 40 vials of cocaine.

The hearing court correctly determined that the stop and frisk of defendant was reasonable. Where a police officer entertains a reasonable suspicion that a particular person has committed, is committing or is about to commit a crime, he may forcibly stop and detain that person (CPL 140.50 [1]; *People v De Bour,* 40 NY2d 210, 223). In such a situation, the officer may also frisk the individual if he reasonably believes that he is in danger of physical injury by virtue of the detainee being armed *(supra)*. Here, the information provided of defendant's physical appearance, along with the locations he frequented, was specific and detailed, and included a distinctive item of clothing, a pink shirt *(see, People v Mingo,* 121 AD2d 307, 309). The discrepancy objected to by defendant

concerning the description of his shirt color was minimal *(supra)*. The description, coupled with defendant's furtive conduct and his proximity to the scene of the shooting and the locations he was known to frequent, established the necessary reasonable suspicion that defendant had committed a crime *(People v Spivey,* 46 NY2d 1014, 1016). The officers were also justified in approaching defendant with guns drawn inasmuch as they had reasonable grounds to believe that he was armed and thus posed a threat to their safety *(People v Patterson,* 165 AD2d 673, 674, *lv denied* 76 NY2d 989). Concur—Sullivan, J. P., Kupferman, Ross and Kassal, JJ.