■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY PERKINS, Appellant. [624 NYS2d 409] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), rendered May 21, 1992, convicting defendant, after a jury trial, of two counts each of burglary in the first degree, robbery in the first degree, and robbery in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of 8½ to 17 years on the first degree burglary and robbery counts, and 7 to 14 years on the second degree robbery counts, unanimously affirmed.

There was reasonable suspicion to frisk defendant and detain him pending identification by the victims (People v Cook, 179 AD2d 572, lv denied 79 NY2d 1047). Within minutes of the crime, the officers received several transmissions describing defendant and his accomplice and their flight from the crime scene in a specific taxicab, and indicating that one was armed with a meat cleaver and the other carried a knife. The cab driver led the officers to the building where he had discharged defendant and the accomplice, and defendant, who matched the description provided, was stopped in the lobby of the building. Thereafter, the officers' search failed to confirm defendant's claim that he left some blankets on the roof where he had slept that night.

The prosecutor properly questioned defendant about his drug use and association with thieves, where, in his direct testimony, one of the explanations proffered by defendant for his presence in the building where the proceeds of the crime were discovered and for his possession of some of the property was that he had purchased the property from an admitted thief and that this particular building was known as a crack den where stolen goods were bought and sold *(see, People v Ferguson,* 190 AD2d 610, *lv denied* 81 NY2d 970).

A 911 tape containing an officer's transmission of one of the victims' detailed descriptions of the perpetrators was admissible in order "to demonstrate that the particular conditions at least allowed the witness to make observations, whether accurate or not", and to provide the jury with an opportunity to compare defendant with the description provided shortly after the crime *(People v Huertas,* 75 NY2d 487, 492; *People v Guerra,* 168 AD2d 394, *lv denied* 77 NY2d 906).

We have considered defendant's remaining contentions and find them to be either unpreserved or without merit. Concur—Rosenberger, J. P., Ellerin, Wallach, Kupferman and Mazzarelli, JJ.