■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUFUS ROGERS, Appellant. [652 NYS2d 571] —Judgment unanimously affirmed. Counsel's application to withdraw granted (see, People v Crawford, 71 AD2d 38). (Appeal from Judgment of Erie County Court, Rogowski, J.—Attempted Robbery, 1st Degree.) Present—Pine, J. P., Lawton, Fallon, Doerr and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY BULLOCK, Appellant. [652 NYS2d 452] —Judgment unanimously affirmed. Memorandum: County Court properly determined that the stop and frisk of defendant was justified. An officer observed defendant walking in an area where there had been recent armed robberies, including a robbery the preceding day. Defendant matched the description of the suspect provided by the robbery victims and was wearing a distinctive jacket that had been described by several of the victims. Further, the victim of the most recent robbery had informed the officer that defendant had a handgun with a brown handle in his waistband. When defendant saw the officer approach, he turned and entered a beauty salon. The officer overheard the salon owner tell defendant that he had no right to be in the salon and must leave. The officer escorted defendant from the salon, informed him that he matched the description of a suspect in recent robberies and directed him to place his hands on the police vehicle so that he could be frisked. The officer felt what he believed was a handgun while frisking defendant's waistband area and seized a handgun. At the time he escorted defendant from the salon, the officer possessed a reasonable suspicion that defendant had engaged in criminal activity (see, People v Evans, 210 AD2d 501, lv denied 88 NY2d 847; People v Cook, 179 AD2d 572, lv denied 79 NY2d 1047; People v Lugo, 66 AD2d 786) and, based upon the nature of the crimes and information that the suspect was armed, was justified in conducting a patdown frisk (see, People v Mack, 26 NY2d 311, 317, cert denied 400 US 960; People v Perez, 166 AD2d 166, 167, lv denied 76 NY2d 989). We conclude that defendant's sentence is not unduly harsh or severe. (Appeal from Judgment of Monroe County Court, Connell, J.—Robbery, 1st Degree.) Present—Pine, J. P., Lawton, Fallon, Doerr and Balio, JJ.