James, J.
That these defendants were common carriers can hardly be doubted. Persons whose business it is to receive packages of bullion, coin, bank notes, commercial paper, and such other articles of value as parties see fit to trust to their care for the purpose of transporting the same from one place to another for a compensation, are common carriers, and responsible as such for the safe delivery of property intrusted to them. (Russell, v. Livingston, 19 Barb., 346; Sherman v. Wells, 28 Barb., 403.) Such was the business of these defendants, and such their responsibility.
The consignee is the presumptive owner of the thing consigned ; and when the carrier is not advised that any different relation exists, he is bound so to treat the consignee; but this presumption may be rebutted; and if in an action for non-delivery by the consignor against the carrier, that presumption be overcome, the action is properly brought in the consignor’s name. (Price v. Powell, 3 Comst., 322.) But in this case, unless a delivery of the money be established, the plaintiffs’ right, to recover was made out.
There was no notice that the contents of the package in question belonged to the consignors; nor was there any fact proved, calculated to weaken the presumption of ownership in *338 the consignee. The defendants were, therefore, not only authorized but fully justified in treating the consignment as the property of the bank. The defendants could not know that they were employed to make a deposit in the “ People’s Bank ” for the benefit of the assignors; or that this package was entitled to or demanded a special delivery. There was in fact, nothing in the transaction to advise them that this package was to be treated differently from other packages actually belonging to the bank; and, therefore, any delivery good against the bank, discharged the carrier.
The principal question, then is, was there a delivery good against the bank; if there was, the plaintiffs must follow the bank; they have no cause of action against these defendants. It is conceded that the liability of a carrier begins with the receipt of the goods by him, and continues until the delivery of the goods by him, subject to the general exceptions. And an express carrier is bound to deliver the goods at their destined place, to the consignee, or as the consignee may direct. In general, the delivery must be to the owner or consignee himself, or to his agent (11 Met., 509), or ihey must be carried to his residence, or they may be taken to his place of business, when from the nature of the parcels that is the appropriate place for their delivery. But there is no rule of law requiring a delivery at the consignee’s residence or place of business, when he is willing to accept it at a different place, or directs a delivery at another place. The consignee, or his authorized agent, may.receive goods, addressed to him in the hands of a carrier at any place, either before or after their arrival at their place of destination, and such acceptance operates as a discharge of the carrier from his liability. It was held in Lewis v. The Western Railroad (11 Met., 509), that if A, for whom goods are transported, authorizes B to receive a delivery thereof, and to do all acts incident to the delivery, and transportation thereof to A, and B instead of receiving the goods at the usual place of delivery, requests the agent of the railroad to permit the car which contains the goods to be hauled to a near depot of another company, and such agent *339 assents thereto, and assists B in hauling the car to such depot, and B then requests and obtains leave of that company to use its machinery to remove the goods from the car—the company that transported the goods is not answerable for the want of care or skill in the persons employed'in so removing the goods from the car, nor for the want of strength in the machinery used for the removal of them, and cannot be charged with any loss that may happen in the course of such delivery to A.”
Had the consignee in this case received the package in question at the defendants’ office, I think no one would doubt the defendants were discharged. The case then turns upon Messenger’s agency. If an authorized agent in the premises, a delivery to Mm was as effectual as a delivery to the principal. The question of agency was a question of fact, and was settled by the verdict of the jury.
We tMnk the’ delivery at the office of the defendants’ to the authorized agent of the consignee was proper, and operated to discharge the defendants from their obligations as carriers.
This disposes of the case unless there was some error committed at circuit in submitting the question of Messenger’s authority to the jury, or in the courts refusing to charge as requested. I have been unable to discover any such error. The evidence submitted was competent—it was of the most perfect and satisfactory Mnd, and not only justified but required the verdict rendered. The judgment should be affirmed.
All the judges concurred, except Davies, J., who upon a previous argument of the cause (this being the tMrd) delivered the following opinion: