## J. H. COLLINS, RESPONDENT, v. J. K. DELASHMUTT, APPELLANT.

AGREEMENT TO CONVEY—DEFECTIVE TITLE.—A contract to make a good and sufficient warranty deed of conveyance is not performed by the vendor's tendering a formal deed with covenants of warranty, the title being defective, and there being an incumbrance on the tract of land to be conveyed.

IDEM.—Where a title is derived through a deed which is not recorded or exhibited to the purchaser, the title is defective, and he is not compelled to accept it.

APPEAL from Polk County.

On the thirteenth day of November, 1874, Collins and Delashmutt entered into an agreement in writing, whereby Delashmutt bargained and sold to Collins, for the consideration of two thousand six hundred dollars, in gold coin, a tract of land, situated in Polk county, Oregon. Collins paid Delashmutt at the time the agreement was made four hundred dollars, in gold coin, and made and delivered to him his promissory notes in writing, payable April 1, 1875, for the balance of the purchase-money. The agreement provided that upon the payment of the notes April 1, 1875, Delashmutt should make, execute and deliver to Collins a good and sufficient warranty deed of conveyance of the tract of land. The tract of land was the donation land claim of Delashmutt and Amanda Delashmutt, his wife, who died before the final proof of the claim was made, and her one-half, designated as the south half of the claim, descended to her heirs, who were the legal owners of it at the time the contract was made. Upon the making of the contract, Collins entered into the possession of the land, and remained in possession until after April 1, 1875. Before April 1, 1875, Delashmutt purchased of all of the heirs of Amanda Delashmutt their interest in the land, and received from them a quitclaim deed, formally and correctly executed, except that Peter L. Delashmutt, one of the heirs who signed and acknowledged the deed is not named in the body of the deed. On the first day of April, 1875, Delashmutt tendered to Collins a deed formal on its face and correctly

executed. At that time the deed from the heirs of Amanda Delashmutt had not been recorded, nor does it appear that it was exhibited to Collins. At that time there was in force duly entered and docketed in the journal and judgment-lien docket of Polk county a judgment in favor of John Jackson and against Delashmutt for the sum of two hundred and fifty dollars, which was a lien on the tract of land to be conveyed. Collins declined to receive the deed offered, and rescinded the contract, and brought this action in the court below to recover back the four hundred dollars advanced by him, and for damages caused him by Delashmutt's failure to comply with his contract. Some minor issues are joined in the pleadings.

*J. J. Daley*, for appellant.

*W. W. Upton, Ben. Hayden and W. H. Holmes*, for respondent.

. By the Court, WATSON, J. :

The first error assigned is that the court erred in admitting the certified copy of the judgment in favor of John Jackson and against appellant. In support of this assignment it is claimed by counsel for appellant that appellant's contract being merely to make, execute and deliver to respondent a good and sufficient warranty deed of conveyance of the tract of land described in the complaint, was fully performed upon his part when he did make, execute and tender to respondent such a deed; and that the existence of an incumbrance as a judgment-lien did not prevent the deed tendered from being a good and sufficient deed, or from passing to respondent a good title subject to the incumbrance; and that the incumbrance was sufficiently provided against in the covenant against incumbrances contained in the deed.

This theory is in accordance with the strict literal construction of the agreement; but the law requires something more than a bare literal compliance. It is now a settled principle of law governing all executory contracts for the sale of real property, that there is an implied warranty on

the part of the vendor that he will convey a good title.   A
contract to make a good and sufficient deed is not satisfied
by the execution of a merely formal conveyance, which, on
account of defects in the vendor's title, fails to pass a good
title to the vendee.   This whole question is ably reviewed
and the leading authorities examined in the case of *Burwell*
v. *Jackson,* reported in 9 N. Y. 335; and the court of ap-
peals came to the conclusion that a contract by the vendors
that they would on a certain day execute to the purchaser a
good and sufficient deed of conveyance, bound the vendors
to convey to the purchaser a good title to the premises, and
their title having been extinguished before conveyance by
a sale under a mortgage which was in existence and recorded
at the time the contract was made, the purchaser had the
right to treat the contract as rescinded; and the court fur-
ther held that the purchaser in that case " was not bound
to take a title to the lot subject to the incumbrances upon
it, notwithstanding those incumbrances were upon record."
We think the case just cited is a correct exposition of the
law.   No purchaser should be compelled to take a defective
or incumbered title.   It would be unjust to require him to
take a bad title and to remit him to the doubtful chances of
an action on the covenants in his deed, with the risk of the
possible insolvency of his vendor.   We are, therefore, of
opinion that the transcript of the judgment was properly
admitted.

The first, second, third, seventh, ninth, and eleventh
instructions are all substantially to the same effect.  They
state the law to be that Collins was not bound to accept a
defective, doubtful or incumbered title, and that it was the
duty of Delashmutt to cause the conveyance to him from
the heirs of Amanda Delashmutt to be recorded, and that
Collins could not be required to accept a conveyance from
him until the conveyance to him from the heirs should be
recorded.   We think these instructions were in accordance
with the law as declared in the case of *Burwell* v. *Jackson,*
and were correct.   The laws of this state provide for the
recording of all conveyances of real estate, so that the
validity of titles may appear from the inspection of the

records, and no purchaser can be required to go forward, and complete a purchase when the title of his vendor does not appear from an inspection of the records. The presumption is that all conveyances are duly recorded, and the fact that the record fails to show a conveyance of real property would give rise to the presumption that no such a conveyance is in existence. This presumption would certainly render a title doubtful when such a conveyance is necessary to its validity. Respondent having ascertained that the title to a part of the land was in the heirs of Amanda Delashmutt, and having made search in the office where a conveyance from those heirs to appellant should have been recorded, and having found no record of such conveyance, would be justified in coming to the conclusion that no such conveyance existed, and in rescinding the contract on that account. This is the extent to which the instructions referred to go.

The fourth and fifth instructions seem to be founded upon a state of the evidence not disclosed by the bill of exceptions. As legal propositions they are correct. They charge the jury that if appellant intentionally induced respondent to believe the title bad, and to rescind the contract, respondent ought to recover. They but state the principle of law contained in section 765, sub. 4, of the code of civil procedure, that whenever a party has, by his own declaration, act or admission, intentionally and deliberately led another to believe a particular thing to be true, and to act upon such belief, he shall not, in any litigation arising out of such declaration, act or admission, be permitted to falsify it. The sixth instruction goes merely to the measure of damages, and while we are satisfied that it correctly states the law, the jury having found a verdict only for repayment of the four hundred dollars of the purchase-money advanced, we are relieved from the necessity of examining it more closely.

Defendant below, by his counsel, requested the court to give to the jury the following instruction, which was refused: "If there was a lien on the land for two hundred and fifty dollars, by reason of a judgment lien, and Collins,

plaintiff, did not insist on this as a reason for rescinding the contract, then he waived this objection. At first view this instruction would seem to be a correct statement of the law, but on examining it as applied to the facts in this case we cannot give it our assent. If Collins had the right to rescind the contract on account of its violation by Delashmutt, it was not necessary that in his notice of rescission he should specify breaches which were as much in the knowledge of Delashmutt as in his own. If he had gone on and received a deed, or had done any act towards affirming the contract, with full knowledge of the facts, it would have been a waiver, but on the facts assumed by the instruction he did nothing of the kind. He gave notice of his rescission of the contract. He was required to do no more. To insist that he waived every violation on the part of appellant of the contract which he did not specify, would go so far as to deny to a party refusing to comply with a contract every defense not specified in his refusal.

There was no error in the modification added to the second instruction requested by counsel for defendant. The court gave the instruction as asked, and added to it a clause, which was correct as a legal proposition, and applicable to the facts in evidence.

The judgment of the court below is affirmed.