■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED JIMINEZ, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Zelman, J.), rendered April 6, 1983, convicting him of criminal sale of a controlled substance in the second degree, upon a jury verdict, and imposing sentence. ¶ Judgment affirmed. ¶ The only issue of substance on this appeal is whether the trial court erred in admitting into evidence a sample of cocaine sold by the defendant to an undercover officer because the People failed to establish a chain of custody. We find that a sufficient foundation was laid. ¶ The undercover officer who purchased the substance testified that he gave it to Sergeant Harvey at the narcotics division on June 22, 1982, at approximately 3:30 P.M. and picked it up at about 7:30 P.M. that same day at which time he delivered the substance to the police lab. Harvey testified that he kept possession of the substance on his person during the four-hour period. After delivery to the police lab, the substance was assigned to chemist Farouk Abdelrehim on June 23, 1982 for analysis, was transferred to the lab's evidence room on June 25, 1982 and was then transferred to the property clerk on June 28, 1982. The sample was returned to the police lab for reanalysis on March 7, 1983 and assigned to chemist Usha Naik. It was returned to the lab's evidence room on March 9, 1983 after analysis and returned to the property clerk on March 10, 1983. Abdelrehim was unavailable at the time of trial because he was on vacation. Sergeant Resua, the supervisor of the controlled substance lab unit, was called to testify from the lab records. He provided a chronology of dates in the chain of custody and described the standard procedures utilized in the lab with respect to handling alleged narcotic samples. The lab report concerning the first analysis was not submitted in evidence nor was there any indication as to the determination made on the first analysis. Usha Naik, the chemist who reanalyzed the sample, testified that on the basis of her reanalysis she concluded the substance was cocaine. ¶ Contrary to defendant's contention, the failure to call Abdelrehim as a witness at trial was not fatal to establishing a chain of custody. The People amply demonstrated that "the two basic requirements for showing authenticity, namely, that there existed 'reasonable assurances of identity and unchanged condition'" had been met (*People v Julian,* 41 NY2d 340, 343, quoting *People v Porter,* 46 AD2d 307, 311). As in *Julian* (*supra,* p 343) "[a]t all times, the drug apparently remained safely under police control" (cf. *People v Gamble,* 94 AD2d 960). ¶ Defendant's other points have been considered and have been found to be lacking in merit. Titone, J. P., Mangano, Thompson and Eiber, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFERSON JOHNSON, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Moskowitz, J.), rendered March 4, 1983, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review an order of the Criminal Court of the City of New York (Radin, J.), dated October 15, 1982 and entered in Kings County, which granted a motion by the People to vacate a judgment of the same court, rendered September 20, 1982, convicting defendant of criminal possession of a weapon in the fourth degree, upon his plea of guilty, and imposing sentence. ¶ Judgment of the Supreme Court, Kings County, reversed, on the law, Kings County Indictment No. 4934/82 dismissed, order of the Criminal Court of the City of New York reversed, motion denied and judgment of the Criminal Court of the City of New York reinstated. ¶ As the People concede, after a sentence has commenced, a court which has accepted a plea in violation of the Criminal Procedure Law may not, upon motion of the People, vacate the illegal plea and the sentence imposed thereon (*Matter of Campbell v Pesce,* 60 NY2d 165). Bracken, J. P., Brown, Niehoff and Boyers, JJ., concur.