■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE POULSEN, Also Known as EUGENE POULSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered August 17, 1988, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested after selling two vials of crack cocaine to an undercover officer. On appeal, the defendant argues, *inter alia,* that the People failed to establish a proper chain of custody supporting the admission of the drugs into evidence.

The undercover officer testified that he initialed the vials and placed them in an envelope which he signed, sealed and delivered to his sergeant. The undercover officer subsequently received a timely report from the laboratory. On the day preceding the trial, the undercover officer recovered the vials from the police property clerk and delivered them to the laboratory where a second chemist performed an analysis. Both the undercover officer and the second chemist testified concerning the procedures they followed in transferring and handling the evidence.

A failure to establish a chain of custody may be excused where the circumstances provide reasonable assurances of the identity and unchanged condition of the evidence *(see, Amaro v City of New York,* 40 NY2d 30, 35). We find that such testimony provided the necessary reasonable assurance that the proffered evidence was the crack cocaine which had been purchased by the undercover officer and that its condition was unchanged *(see, People v Julian,* 41 NY2d 340).

In light of the defendant's negative probation report and criminal history, we find that the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contentions and find them to be without merit. Kunzeman, J. P., Kooper, Sullivan and Miller, JJ., concur.