■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELISA OSTUNI, Appellant.—Appeal by the defendant (1) from two judgments of the County Court, Suffolk County (Weissman, J.), both rendered December 9, 1987, convicting her of robbery in the second degree (2 counts; 1 as to each indictment), upon her pleas of guilty and imposing sentences, and (2) by permission, from an order of the same court, dated November 14, 1988, which denied her motion pursuant to CPL 440.10 to vacate the judgments.

Ordered that the judgments and order are affirmed.

The defendant's contentions of ineffective assistance of counsel are wholly without merit in light of the fact that she acknowledged at the plea allocution that she would receive a sentence of 5 to 10 years to which she freely consented after stating that she was not relying on any other representations made to her. The denial of her CPL 440.10 motion, wherein she asserted that her former counsel had promised her that she would receive a lesser sentence, was entirely proper.

We perceive no basis upon which to reduce the sentence imposed *(see, People v Suitte,* 90 AD2d 80). Mangano, P. J., Kunzeman, Kooper, Sullivan and O'Brien, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBEN RESTREPO, Appellant.—Appeal by the defendant, as limited by his brief, from a sentence of the Supreme Court, Kings County (Starkey, J.), imposed June 8, 1988.

Ordered that the sentence is affirmed.

A fair reading of the sentence minutes does not support the defendant's contention that the sentencing court improperly took into consideration a charge of which the defendant had been acquitted in imposing sentence *(cf., People v Villanueva,* 144 AD2d 285; *People v Coward,* 100 AD2d 628). Moreover, we conclude that the sentence imposed was not unduly harsh or excessive *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Brown, Balletta and Miller, JJ., concur.