■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE GILLIARD, Also Known as TYRONE CORBIN, Appellant. —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Naro, J.), rendered August 10, 1989, convicting him of criminal sale of a controlled substance in the third degree and criminal facilitation in the fourth degree, upon a jury verdict, and imposing sentence under Indictment Number 11189/88, and a judgment of the same court, also rendered August 10, 1989, convicting him of criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence under Indictment Number 10041/89.

Ordered that the judgments are affirmed.

The defendant argues that at the trial of Indictment Number 11189/88 the People failed to disprove beyond a reasonable doubt that he was acting as an agent of the undercover officer. In determining whether a defendant is a seller or merely acting as a procuring agent for the buyer, the following factors must be considered: " '(1) did the defendant act as a mere extension of the buyer throughout the relationship, with no independent desire to promote the transaction; (2) was the purchase suggested by the buyer; (3) did the defendant have any previous acquaintance with the seller; (4) did the defendant exhibit any salesmanlike behavior; (5) did the defendant use his own funds; (6) did the defendant procure from many sources for a single buyer; (7) did the buyer pay the seller directly; (8) did the defendant stand to profit; and (9) was any reward promised in advance' " (People v Cruz, 161 AD2d 659, 659-660; People v Gonzalez, 66 AD2d 828).

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]). Although the undercover agent initiated the transaction, the defendant was previously acquainted with the seller, had been

standing on the corner for several minutes before the sale, exhibited salesmanlike behavior in his handling of the transaction, and remained on the corner near the codefendant after the sale was concluded. Therefore, the defendant was acting out of an independent desire to promote the transaction, and not as a mere extension of the buyer.

We have considered the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Harwood, Lawrence and Miller, JJ., concur.