■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARLENE O'BERG, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered August 1, 1990, convicting her of criminal sale of a controlled substance in the first degree (two counts) and criminal sale of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find that it was not error for the trial court to refuse to charge the jury on the defense of agency. In the absence of a

reasonable view of the evidence indicating that the defendant acted merely as the agent of the buyer, the agency defense should not be submitted to the jury (see, People v Argibay, 45 NY2d 45, cert denied sub nom. Hahn-DiGuiseppe v New York, 439 US 930; People v Ortiz, 76 NY2d 446). Here, there is no reasonable view of the evidence which would have supported the submission of the agency defense to the jury. The defendant exhibited salesmanlike behavior and clearly acted as a middleman profiting from the sales she helped to consummate. Accordingly, it was proper for the court to have declined to give an agency instruction because the trial testimony did not support an inference that the defendant was merely acting as an agent of the police officer who posed as a buyer (see, People v Ortiz, supra; People v Perez, 154 AD2d 628).

We further find that the defendant's sentence was not excessive (People v Suitte, 90 AD2d 80). Thompson, J. P., Rosenblatt, Lawrence and Miller, JJ., concur.