■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES CARROLL, Also Known as MITCHELL CARROLL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered May 16, 1989, convicting him of criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the People failed to present reasonable assurances as to the identity and unchanged condition of the vials of cocaine bought from him by the undercover officer and seized from him following his arrest is without merit. The evidence at trial clearly established that at all times after the vials were recovered from the defendant's person they "remained safely under police control" and thus provided "reasonable assurances of the identity and unchanged condition" of the evidence *(People v Julian,* 41 NY2d 340, 343; *People v Williams,* 170 AD2d 629; *People v Poulsen,* 161 AD2d 609). Contrary to the defendant's argument, any deficiencies in the chain of custody did not bar the admission of the vials into evidence, but rather only involved the weight to be accorded to that evidence *(People v Julian, supra,* at 344; *People v Donovan,* 141 AD2d 835).

The defendant's claim that one count of criminal possession of a controlled substance in the third degree should now be dismissed as a non-inclusory concurrent offense is unpreserved for appellate review since he failed to object to the court's submission of this count to the jury *(see, People v Udzinski,* 146 AD2d 245; *People v Williams,* 47 AD2d 262).

A fair reading of the sentence minutes does not support the defendant's contention that the sentencing court improperly took into consideration past uncharged crimes in imposing sentence *(People v Restrepo,* 165 AD2d 838; *People v Villanueva,* 144 AD2d 285). Moreover, we conclude that the sentence

imposed was not unduly harsh or excessive *(see, People v Suitte,* 90 AD2d 80). Harwood, J. P., Eiber, Ritter and Copertino, JJ., concur.