■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NOEL CUMMINGS, Appellant.—Appeals by the defendant from (1) a judgment of the Supreme Court, Kings County (Curci, J.), rendered April 26, 1990, convicting him of criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fourth degree under Indictment No. 4881/89, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court (Heller, J.), also rendered April 26, 1990, revoking a sentence of probation previously imposed by the same court (Heller, J.), under Indictment No. 11465/87, upon a finding that he violated a condition thereof, upon his plea of guilty, and imposing a sentence of imprisonment upon his prior conviction of criminal possession of a weapon in the third degree. The appeal from the judgment rendered under Indictment No. 4881/89 brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment and the amended judgment are affirmed.

Contrary to the contention of the defendant, the People's failure to call one of two chemists who analyzed the drugs recovered was not fatal to establishing a chain of custody. The People amply demonstrated that there existed reasonable assurances of the identity and unchanged condition of the evidence (see, People v Julian, 41 NY2d 340; People v Poulsen, 161 AD2d 609; People v Newman, 129 AD2d 742; People v Jiminez, 100 AD2d 629).

Nor do we find any merit to the defendant's contention that his arrest was not predicated on probable cause. The testimony adduced at the suppression hearing established that two undercover officers saw the defendant accept money for what appeared to be a vial of crack cocaine. The personal observation of an experienced undercover officer of an exchange of a vial for currency is a telltale sign, if not the hallmark, of an illicit drug exchange (see, People v McRay, 51 NY2d 594; People v Williams, 170 AD2d 629).

The imposition of a sentence of imprisonment for the violation of probation under Indictment No. 11465/87 to run consecutive to the sentence imposed under Indictment No. 4881/89 was not excessive (see, People v Suitte, 90 AD2d 80).

We have examined the contentions raised in the defendant's supplemental pro se brief and find them to be without merit. Harwood, J. P., Rosenblatt, Ritter and Pizzuto, JJ., concur.