■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD DAVIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered March 26, 1991, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court properly refused to charge the jury on the defense of agency. In the absence of a reasonable view of the evidence indicating that the defendant acted merely as the agent of the buyer, the agency defense should not be submitted to the jury *(see, People v Ortiz,* 76 NY2d 446, 448, *amended on other grounds* 77 NY2d 821; *People v Lam Lek Chong,* 45 NY2d 64, 74, *cert denied* 439 US 935; *People v Argibay,* 45 NY2d 45, *cert denied sub nom. Hahn-DiGuiseppe v New York,* 439 US 930; *see also, People v O'Berg,* 180 AD2d 764, 765). In the case before us, there is no reasonable view of the evidence which would have supported the submission of the agency defense to the jury *(see, People v Guzman,* 156 AD2d 715, 716; *People v Carter,* 151 AD2d 688, 689). The defendant exhibited salesmanlike knowledge and behavior by quoting to the undercover officer the number of vials he would receive in return for his prerecorded money, which the police recovered from the seller shortly after the transaction. Moreover, he clearly acted as a middleman profiting from the sale he helped to consummate by keeping one of the vials which the seller had transferred to him. Accordingly, the trial court properly declined to give an agency defense charge, as the trial testimony did not support an inference that the defendant was merely acting as an agent of the undercover police officer who posed as a buyer *(see, People v O'Berg, supra; People v Carter, supra).*

The defendant's contention concerning the admissibility of the vials the undercover officer purchased during the transaction is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858), and, in any event, devoid of merit *(see, People v Julian,* 41 NY2d 340; *People v Cummings,* 184 AD2d 574; *People v Carroll,* 181 AD2d 904; *People v Poulsen,* 161 AD2d 609; *People v Jiminez,* 100 AD2d 629). Balletta, J. P., Eiber, O'Brien and Santucci, JJ., concur.