■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE LOPEZ, Appellant. [601 NYS2d 708] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Flug, J.), rendered January 25, 1991, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In this case, which arises out of a so-called "buy and bust" operation, the defendant moved, prior to sentencing, pursuant to CPL 330.30, to set aside the verdict on the ground that a "Queens TNT Buy and Bust Tac Plan" was *Rosario* material *(see, People v Rosario,* 9 NY2d 286), and the People's failure to disclose it constituted *per se* reversible error. However, the *Rosario* rule only involves "the use of a recorded prior statement which was made either by the witness himself or by an individual who directly heard the statement" *(People v Williams,* 165 AD2d 839, 841, *affd on other grounds* 78 NY2d 1087). Here, other than counsel's speculative assertion that the document had been prepared by the detective who had testified at the trial, no evidence was adduced to show who, in fact, had authored the document, and there is nothing on the face of the document which would indicate that it might have come from the testifying detective. Moreover, we note that, unlike a police officer's daily activity report, which is essentially an officer's statement as to what the officer actually did on a particular day and which has been held to be *Rosario* material *(see, e.g., People v Goins,* 73 NY2d 989), the document in question merely sets forth a number of proposals for activity during the upcoming day, potentialities for the future which may or may not come to pass. Indeed, it contains no factual assertions about or descriptions of the drug transaction and arrest involved herein *(see, e.g., People v Watkins,* 157 AD2d 301; *People v Mills,* 142 AD2d 653; *People v Rios,* 182

AD2d 843). Accordingly, the trial court properly denied the motion, finding that there had been no *Rosario* violation *(see, People v Miller,* 183 AD2d 790; *cf., People v Vacante,* 187 AD2d 470).

Moreover, we find that the trial court did not err in failing to give an agency defense charge. Upon viewing the evidence in the light most favorable to the defendant *(see, People v Davis,* 178 AD2d 424, 426), we find that there is no reasonable view of the evidence which would support a finding that the defendant acted merely as an agent of the buyer *(see, People v Ortiz,* 76 NY2d 446, 448; *People v O'Berg,* 180 AD2d 764, 765). The defendant clearly exhibited salesmanlike behavior *(see, People v O'Berg, supra; People v Gilliard,* 177 AD2d 707; *People v Overton,* 168 AD2d 575, 576), and the fact that no "buy money" was recovered from his person does not require a different conclusion *(see, People v McKinnon,* 176 AD2d 193, 194).

Finally, the defendant's sentence was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80). Sullivan, J. P., Balletta, Lawrence and Eiber, JJ., concur.