■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID DYSON, Appellant. [608 NYS2d 864] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered July 14, 1992, convicting him of sodomy

in the second degree (ten counts), rape in the second degree (five counts), and incest (five counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Insofar as the defendant contends that certain aspects of an expert's testimony constituted improper bolstering of the complainant's testimony or otherwise invaded the fact-finding province of the jury, the claims are unpreserved for appellate review and we decline to address them in the exercise of our interest of justice jurisdiction (see, CPL 470.05 [2]; *People v Naranjo,* 194 AD2d 747).

The defendant's contention that he was denied the effective assistance of counsel based on the defense counsel's failure to make objections during certain portions of the trial is without merit (see, *People v Baldi,* 54 NY2d 137). Inasmuch as the defendant's remaining claims of ineffective assistance of counsel are premised on facts dehors the record, they are beyond review on direct appeal.

A fair reading of the sentence minutes does not support the defendant's contention that the sentencing court improperly took into consideration past uncharged crimes in imposing sentence (see, *People v Carroll,* 181 AD2d 904; *People v Restrepo,* 165 AD2d 838). Moreover, we find that the defendant's sentence was not excessive (see, *People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., O'Brien, Ritter and Altman, JJ., concur.