■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK LEACH, Appellant. [610 NYS2d 868] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Friedmann, J.), rendered April 24, 1991, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the prosecution failed to present reasonable assurances as to the identity and the unchanged condition, *inter alia,* of the numerous vials containing cocaine recovered from the crime scene shortly after the sale is without merit *(see, People v Julian,* 41 NY2d 340, 343; *People v Carroll,* 181 AD2d 904; *People v Williams,* 170 AD2d 629). Contrary to the defendant's contention, the fact that the police chemist who initially analyzed the contents of vials did not testify at trial is not fatal to establishing the "chain of custody" with respect to the admitted vials *(see, People v Cummings,* 184 AD2d 574; *see also, People v Moyer,* 186 AD2d 997, 998). Moreover, deficiencies in the "chain of custody" did not bar the admission of the vials, but rather only involved the weight to be accorded to that evidence *(see, People v Julian, supra; People v Carroll, supra; People v Donovan,* 141 AD2d 835).

The defendant's contentions that certain comments by the court during the course of the trial and during its instructions to the jury, and certain remarks by the prosecutor during his summation, deprived him of a fair trial are either unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Medina,* 53 NY2d 951, 953) or without merit *(see, e.g., People v Roopchand,* 107 AD2d 35, *affd* 65 NY2d 837; *People v Gallo-*

*way,* 54 NY2d 396). Thompson, J. P., Pizzuto, Santucci and Goldstein, JJ., concur.