■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK EVANS, Appellant. [620 NYS2d 461] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered November 18, 1991, convicting him of of robbery in the first degree (two counts), burglary in the first degree, attempted assault in the first degree, criminal possession of a weapon in the second degree (two counts), and criminal possession of a weapon in the third degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

We find no merit to the defendant's contention that the initial stop of the vehicle was an illegal seizure. The police had reasonable suspicion to stop the car *(see,* CPL 140.50 [1]; *People v De Bour,* 40 NY2d 210, 223) based on (1) suspicious behavior, i.e., the occupants of the vehicle stopping and looking at each house on the block at approximately 6:45 A.M., and (2) a series of radio transmissions which indicated that a car matching the description of the stopped vehicle was involved in robberies and burglaries in the same neighborhood at a corresponding hour of the morning *(see, People v Reid,* 135 AD2d 753; *People v Rivera,* 124 AD2d 682; *People v Pitt,* 110 AD2d 723, *cert denied* 474 US 922).

Furthermore, the defendant's contention that the People failed to establish a chain of custody for the car and its contents following the initial stop is without merit. It is well settled that when real evidence is offered as the actual object associated with a crime, the offering party must establish that the evidence is identical to that involved in the crime, and that it is unchanged *(see, People v Julian,* 41 NY2d 340, 343-344; *People v Donovan,* 141 AD2d 835). However, the gaps in the chain of custody or the People's failure to call the officer who drove the car to the station house would go to the weight to be accorded to the evidence, not to the admission of the evidence *(see, People v Cummings,* 184 AD2d 574; *People v Ramos,* 147 AD2d 718; *People v Donovan,* 141 AD2d 835, *supra).*

The defendant's remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J. P., Hart, Goldstein and Florio, JJ., concur.