■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN FLORES-OSSA, Appellant. [652 NYS2d 44] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered January 20, 1995, convicting him of criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the prosecution failed to present reasonable assurances as to the identity and unchanged condition of a number of vials containing cocaine and a paging device, which were admitted into evidence against him, is without merit *(see, People v Julian,* 41 NY2d 340, 343). The record reveals that the box of vials found in the trunk of the defendant's car was transported to an office of the Narcotics Enforcement Unit in Queens. There the vials were counted, and both they and the box in which they had been found were sealed in marked plastic bags and transferred to headquarters where they were safeguarded for laboratory testing. The People's failure to call Lieutenant Mulcahy, who drove the vehicle which transported the box from the place where it was seized to the office where its contents were examined, was not fatal to establishing the "chain of custody" with respect to the vials contained therein *(see, People v Leach,* 203 AD2d 483; *People v Cummings,* 184 AD2d 574). The People's evidence otherwise amply demonstrated reasonable assurances of the identity and unchanged condition of both the box and the vials. As to the paging device, the testimony of the arresting officer was sufficient to establish that the paging device offered at trial was the one seized from the defendant upon his arrest, and that it had not been tampered with *(see, People v Julian,* 41 NY2d 340, *supra).* Furthermore, any deficiencies in the

"chain of custody" do not bar the admission of the evidence, but affect only the weight to be accorded to that evidence *(see, People v Julian,* 41 NY2d 340, *supra; People v Carroll,* 181 AD2d 904).

Contrary to the defendant's further contention, evidence of a prior transaction which did not result in a conviction was properly admitted into evidence during the People's direct case to establish the defendant's intentional and knowing participation in the charged crime and to establish a common plan, and the jury was properly instructed on this issue *(see, People v Satiro,* 72 NY2d 821, 822; *People v Ingram,* 71 NY2d 474, 479; *People v Alvino,* 71 NY2d 233).

We further reject the defendant's contention that the court erred in failing to dismiss the indictment on the ground that the defendant made statements to an inmate-witness, Hector Marquez Uriate, who was arrested with the defendant and agreed to cooperate. The record establishes that the inmate-witness was not an agent of the police *(see, People v Cardona,* 41 NY2d 333, 335). In any event, the court suppressed any statements made by the defendant to the inmate-witness after the date of the arrest, and during the incarceration *(cf., People v Isaacson,* 44 NY2d 511).

The defendant's remaining contentions are either unpreserved for appellate review or are without merit. Bracken, J. P., Thompson, Goldstein and McGinity, JJ., concur.