■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD WRIGHT, Appellant. [664 NYS2d 319] —Appeal by the de-

fendant from a judgment of the Supreme Court, Kings County (Curci, J.), rendered January 3, 1995, convicting him of burglary in the second degree, petit larceny, criminal possession of stolen property in the fifth degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence recovered by law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant's contention that the court erred in failing to suppress the physical evidence seized at the time of his arrest is without merit. The evidence adduced at the suppression hearing supports the hearing court's determination that the defendant was not unlawfully seized and that he voluntarily abandoned the property in the face of lawful police activity (*see, People v Medina,* 107 AD2d 302, 307; *see also, People v Martinez,* 80 NY2d 444, 448; *People v Leung,* 68 NY2d 734; *People v Boodle,* 47 NY2d 398, 404; *People v De Bour,* 40 NY2d 210).

The defendant's further contention that his conviction for burglary and, *inter alia,* criminal possession of stolen property should be reversed because the prosecution failed to prove that he had entered and burglarized the subject apartment is equally without merit. Upon viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

We reject the defendant's contention that the court erred in determining that he had exercised a peremptory challenge to exclude a white juror in violation of *Batson v Kentucky* (476 US 79). Here, after the People raised a *Batson* issue, and after conducting the appropriate inquiry and weighing the relevant facts and circumstances, the court properly determined that the reasons advanced by the defendant for his challenge were pretextual (*see, Purkett v Elem,* 514 US 765; *cf., People v Richie,* 217 AD2d 84).

The trial court properly refused to give a missing witness charge with respect to the failure of one of the police officers to testify. Since the defendant was on notice that the People would not be calling the police officer as a witness, the defendant's request for a missing witness charge, made only

after both sides had rested, was untimely (*see, People v Gonzalez,* 68 NY2d 424; *People v Bennett,* 175 AD2d 251; *People v Bradley,* 160 AD2d 808). In any event, the testimony of the police officer would have been cumulative (*see, People v Gonzalez, supra*).

The sentence imposed was neither harsh nor excessive (*see, People v Delgado,* 80 NY2d 780; *People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Pizzuto, Santucci and Joy, JJ., concur.