■ JOHN THOMAS et al., Appellants, v TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY, Respondent. (And a Third-Party Action.) (Action No. 1.) JOHN THOMAS et al., Appellants, v YANG

S. CHOI et al., Respondents, et al., Defendants. (Action No. 2.) [704 NYS2d 879] —In two related actions to recover damages for personal injuries, the plaintiffs John Thomas and Neville Brown appeal from (1) a judgment of the Supreme Court, Queens County (Milano, J.), entered September 21, 1998, which, upon a jury verdict finding that the defendant Triborough Bridge and Tunnel Authority was not at fault in the happening of the accident, dismissed the complaint in Action No. 1, and (2) a judgment of the same court, also entered September 21, 1998, which, upon a jury verdict finding that the defendants Yang S. Choi and the Yum Kwang Korean Church were not at fault in the happening of the accident, dismissed the complaint in Action No. 2 insofar as asserted against those defendants.

Ordered that the appeal of Neville Brown in Action No. 1 is dismissed; and it is further,

Ordered that the judgment in Action No. 1 is affirmed insofar as appealed from by the plaintiff John Thomas; and it is further,

Ordered that the judgment in Action No. 2 is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents, appearing separately and filing separate briefs.

Action No. 1, insofar as asserted by Neville Brown, was discontinued pursuant to a stipulation between the parties dated January 30, 1996. Thus, the appeal by Brown from the judgment entered in Action No. 1 is dismissed.

After the liability phase of trial, the jury absolved the defendants Yang S. Choi, Yum Kwang Korean Church, Brenton Blackstock, and the Triborough Bridge and Tunnel Authority (hereinafter Triborough) of fault in the happening of the accident at issue.

The jury verdict in favor of the defendant Yang S. Choi and the owner of the vehicle he was operating is not against the weight of the evidence. It cannot be said that there is "no valid line of reasoning [or] permissible inferences" which would support the jury's verdict, or that the jury could not have reached its verdict on any fair interpretation of the evidence (see, Nicastro v Park, 113 AD2d 129, 132; see also, Artis v Jamaica Buses, 262 AD2d 511; Yaver v Gofus, 156 AD2d 556).

Furthermore, the trial court properly denied the request of the plaintiff John Thomas to charge that a former employee of Triborough was a missing witness. The request for a missing witness charge, made after the close of testimony, was untimely (see, People v Wright, 244 AD2d 439, 440-441; Follett v

*Thompson,* 171 AD2d 777), and the plaintiff did not sustain his burden of showing that the witness's in-court testimony would have constituted substantial rather than merely-cumulative evidence (*see, Manessis v Command Bus Co.,* 251 AD2d 556; *Tweedy v Roman Catholic Church of Our Lady of Victory,* 232 AD2d 630).

The plaintiffs' remaining contentions are without merit. Thompson, J. P., Sullivan, Krausman and Smith, JJ., concur.