■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TARON JAKEAM GIBSON, Appellant. [816 NYS2d 83]—

Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered December 18, 2001, convicting him of criminal possession of a controlled substance in the second degree and unlawful possession of marijuana, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the People failed to adduce legally sufficient evidence of his guilt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19-21 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the credible evidence (*see* CPL 470.15 [5]).

The People established a sufficient chain of custody for the narcotics admitted into evidence (*see People v Julian,* 41 NY2d 340 [1977]). Where, as here, reasonable assurances established that the evidence sought to be admitted was the same evidence found at the scene and that it was unchanged, any deficiencies in the chain of custody went only to the weight to be given to the evidence, not its admissibility (*see People v Julian, supra* at 343; *People v Williams,* 5 AD3d 705 [2004]; *People v Rodriguez,* 238 AD2d 447, 448 [1997]).

The sentence imposed was neither harsh nor excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions are unpreserved for appellate review. Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur.