■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL ALOMAR, Appellant. [865 NYS2d 311]—

Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered May 15, 2006, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree (two counts), and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his oral and written statements to law enforcement officials.

Ordered that the judgment is affirmed.

The County Court's determination that the defendant knowingly waived his *Miranda* rights (*see Miranda v Arizona,* 384 US 436 [1966]) was supported by its finding that the testimony of a police sergeant was more credible than that of the defendant. Such findings "are entitled to great deference on appeal and will not be disturbed unless clearly unsupported by the record" (*People v Pagan,* 23 AD3d 412 [2005]; *see People v Prochilo,* 41 NY2d 759, 761 [1977]).

The County Court also correctly overruled the defendant's objection to the admission into evidence of several bullet frag-

ments on the ground that the People failed to establish a valid chain of custody. "A proper chain of custody is developed when there are reasonable assurances in the record that the evidence sought to be admitted is the same item as was used in the crime and that it is unchanged. As long as these assurances have been established, any deficiencies in the chain of custody go only to the weight to be given to the evidence" (*People v Donovan*, 141 AD2d 835, 836-837 [1988] [citations omitted]; *see People v Julian*, 41 NY2d 340, 342-343 [1977]; *People v Isaac*, 40 AD3d 1118 [2007]).

Here, the People established the admissibility of the physical evidence with the testimony of Officer Michael Brownstein, who removed the six deformed bullets from the driver's side of the complainant's vehicle on the date of the crime, August 15, 2005. Officer Brownstein placed each bullet in its own "film canister" and sealed each canister with red evidence tape upon which he wrote the case number, date, and item number, and secured the six canisters in the evidence room of the Middletown Police Department. On December 28, 2005 the six canisters were in the same condition when he put them in a box, sealed the box with red tape, and initialed and addressed it to the New York State Police Laboratory in Albany. He took the box to an evidence custodian at the State Police Laboratory in Newburgh for the purpose of having it transported to the Albany laboratory for analysis. On February 21, 2006 he picked up the box from the Newburgh laboratory. The box and the canisters still bore the original red tape and, in addition, were sealed with white New York State Police evidence tape and marked with numbers which corresponded to the item numbers he had given each bullet fragment.

Officer Brownstein's testimony gave reasonable assurance that the bullet fragments admitted at trial were the same ones that he had recovered from the complainant's vehicle on the day of the crime and had remained unchanged (*see People v Julian*, 41 NY2d at 343-344; *People v Flores-Ossa*, 234 AD2d 315 [1996]). The People's failure to call the individual or individuals who transported the evidence between the Newburgh and Albany laboratories was relevant only to the weight to be accorded the evidence, not to its admissibility (*see People v Battistini*, 306 AD2d 636, 637-638 [2003]; *People v Flores-Ossa*, 234 AD2d at 315-316; *People v Figueroa*, 213 AD2d 343 [1995]; *People v Evans*, 210 AD2d 501, 502 [1994]). In any event, any error in admitting the bullet fragments into evidence was harmless, as there was overwhelming evidence of the defendant's guilt and no significant probability that any error contributed

to his conviction (*see People v Crimmins,* 36 NY2d 230, 241-242 [1975]).

The County Court properly denied the defendant's request to submit, to the jury, the charge of reckless endangerment in the second degree as a lesser included offense of reckless endangerment in the first degree. Given the evidence that the defendant fired six shots into an occupied vehicle, there was no reasonable view of the evidence that he committed the lesser offense but not the greater (*see* CPL 300.50 [1]; *People v Glover,* 57 NY2d 61, 63-64 [1982]; *People v Smith,* 234 AD2d 997 [1996]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80, 85-86 [1982]). Spolzino, J.P., Ritter, Dillon and Dickerson, JJ., concur.