■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK RICARDO SMITH, Appellant. [949 NYS2d 190]—

Appeal by the defendant from a judgment of the County Court, Westchester County (DiBella, J.), rendered April 13, 2007, convicting him of robbery in the first degree, robbery in the second degree, grand larceny in the second degree, and criminal mischief in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the indictment was not jurisdictionally defective, as the counts of the indictment cited the applicable sections of the Penal Law and sufficiently

tracked the language thereof to afford the defendant fair notice of the charges against him (*see* CPL 200.50 [7] [a]; *People v Rodriguez*, 62 AD3d 728 [2009]; *People v Dudley*, 289 AD2d 503 [2001]).

The defendant's challenge to the racial composition of the jury panel was waived by his failure to make that challenge in writing prior to the selection of the jury (*see* CPL 270.10 [2]; *People v Taylor*, 82 AD3d 1133, 1134 [2011]; *People v Messiah*, 247 AD2d 490, 491 [1998]; *People v Branch*, 244 AD2d 562 [1997]; *People v Battle*, 221 AD2d 648 [1995]). The County Court properly denied the defendant's first *Batson* challenge (*see Batson v Kentucky*, 476 US 79 [1986]) because the defendant failed to meet his burden of demonstrating a prima facie case of discrimination (*see People v Booker*, 49 AD3d 658, 659 [2008]; *People v Severino*, 44 AD3d 1077, 1078 [2007]; *People v Lassiter*, 44 AD3d 877, 877-878 [2007]; *People v London*, 38 AD3d 570, 571 [2007]; *People v Kennerly*, 20 AD3d 491 [2005]). The County Court also properly denied the defendant's second *Batson* challenge. The County Court's determination that the prosecutor's race-neutral explanation for excluding a prospective African-American juror was nonpretextual is entitled to deference on appeal and should not be disturbed where, as here, it is supported by the record (*see People v Hernandez*, 75 NY2d 350, 356-357 [1990], *affd* 500 US 352 [1991]; *People v Waters*, 81 AD3d 673, 673-674 [2011]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of all the crimes beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdicts of guilt as to all the crimes was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The prosecution established a sufficient chain of custody of the forensic evidence recovered from the crime scene, and the prosecution witnesses provided reasonable assurances of the identity and unchanged condition of the evidence between its recovery and the trial (*see People v Julian*, 41 NY2d 340, 343 [1977]; *People v Pearson*, 270 AD2d 290, 290-291 [2000]; *People*

*v Flores-Ossa*, 234 AD2d 315 [1996]; *People v Leach*, 203 AD2d 483 [1994]). Any deficiencies in the chain of custody went only to the weight to be accorded the evidence, not its admissibility (*see People v Julian*, 41 NY2d at 343; *People v Gibson*, 28 AD3d 576, 576 [2006]; *People v Bryant*, 302 AD2d 603 [2003]).

There is no merit to the defendant's claim that his alleged exclusion from a number of sidebar bench conferences resulted in a violation of his fundamental right to be present at all material stages of trial. The record is "insufficient to establish facts necessary to meet the defendant's burden of showing that he was absent from a material stage of the trial" (*People v Velasquez*, 1 NY3d 44, 49 [2003]; *see People v Carter*, 44 AD3d 677, 678 [2007]; *People v Fabricio*, 307 AD2d 882, 883 [2003], *affd* 3 NY3d 402 [2004]).

The defendant contends that County Court erred in admitting into evidence a letter that he wrote to a fellow inmate. However, any error in the admission of the letter was harmless, as the evidence of the defendant's guilt, without reference to the error, was overwhelming, and there is no significant probability that the error contributed to the defendant's conviction (*see People v Crimmins*, 36 NY2d 230, 242 [1975]; *People v Sweeney*, 92 AD3d 810, 811 [2012]).

The defendant's contention, raised in his pro se supplemental brief, that he was deprived of the effective assistance of counsel, is based on matter dehors the record, and cannot be reviewed on direct appeal (*see People v Miller*, 68 AD3d 1135 [2009]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions, including those contained in his pro se supplemental brief, are unpreserved for appellate review and, in any event, are without merit. Rivera, J.P., Florio, Eng and Roman, JJ., concur.