People v Mancusi (2018 NY Slip Op 03149)





People v Mancusi


2018 NY Slip Op 03149


Decided on May 2, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2015-01288
 (Ind. No. 5/14)

[*1]The People of the State of New York, respondent,
v
William E. Mancusi III, appellant.


Yasmin Daley Duncan, Brooklyn, NY, for appellant.
Robert V. Tendy, District Attorney, Carmel, NY (Marlene O. Tuczinski of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Putnam County (James T. Rooney, J.), rendered January 28, 2015, convicting him of driving while ability impaired by drugs in violation of Vehicle and Traffic Law § 1192(4), reckless driving, and violation of Vehicle and Traffic Law §§ 1102, 1120(a), and 1127, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the County Court erred in admitting into evidence the results of a preliminary drug screening is unpreserved for appellate review, as he failed to object to admission of the results at trial (see CPL 470.05[2]). In any event, the People laid a proper foundation for the admission of the preliminary drug screening results (see People v Rossi, 163 AD2d 660, 661). Further, the results of the confirmation analysis were properly admitted into evidence, notwithstanding the failure of a laboratory technician who handled the blood sample to testify. The People established that there existed reasonable assurances of the identity and unchanged condition of the blood sample upon which the confirmation analysis was conducted (see People v Julian, 41 NY2d 340, 343; People v Smith, 98 AD3d 533, 534; People v Flores-Ossa, 234 AD2d 315, 315; People v Porter, 46 AD2d 307, 311). Thus, any deficiencies in the chain of custody due to the failure of the laboratory technician to testify did not bar the admission of the evidence, but affected only the weight to be accorded to that evidence (see People v Julian, 41 NY2d at 345; People v Smith, 98 AD3d at 534; People v Carroll, 181 AD2d 904).
The County Court properly refused to give a missing witness charge with respect to the failure of the laboratory technician to testify. Since the defendant was on notice that the People would not be calling the technician as a witness, the defendant's request for a missing witness charge, made only after both sides had rested, was untimely (see People v Wright, 244 AD2d 439, 440-441; People v Bennett, 175 AD2d 251, 252). In any event, the testimony of the technician would have been cumulative (see People v Edwards, 14 NY3d 733, 735).
Contrary to the defendant's contention, the County Court provided a meaningful response to the jury's inquiry regarding the definition of driving while ability impaired by drugs (see CPL 310.30; People v Santi, 3 NY3d 234, 248; People v O'Rama, 78 NY2d 270, 276; People v [*2]Williams, 150 AD3d 902, 904). "[T]he jurors gave no indication that their concern had not been satisfied or that they remained perplexed" (People v Williams, 150 AD3d at 904).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt of driving while ability impaired by drugs in violation of Vehicle and Traffic Law § 1192(4) and reckless driving (see People v Danielson, 9 NY 342, 349). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to those crimes was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The People's remaining contention is without merit.
CHAMBERS, J.P., HINDS-RADIX, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court