People v Ventura (2019 NY Slip Op 04010)





People v Ventura


2019 NY Slip Op 04010


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2017-08773
 (Ind. No. 1990/16)

[*1]The People of the State of New York, respondent,
v
Jeffrey Ventura, appellant.


Marianne Karas, Thornwood, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Yael V. Levy and Laurie K. Gibbons of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Meryl J. Berkowitz, J.), rendered August 4, 2017, convicting him of criminal sale of a controlled substance in the second degree, criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree (five counts), criminal use of drug paraphernalia in the second degree (two counts), conspiracy in the second degree, and conspiracy in the fourth degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of all of the crimes of which he was convicted beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349; People v Bleakley, 69 NY2d 490, 495). Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-644).
Contrary to the defendant's contention, the People established a sufficient chain of custody of the narcotics recovered from the defendant by providing reasonable assurances of the identity and the unchanged condition of the narcotics between their recovery and the trial (see People v Lancaster, 166 AD3d 807, 809; People v Rayford, 80 AD3d 780, 780; People v Alomar, 55 AD3d 617, 618). Any deficiencies in the chain of custody went only to the weight to be given to the evidence, and not to its admissibility (see People v Hawkins, 11 NY3d 484, 494; People v Julian, 41 NY2d 340, 342-343; People v Lancaster, 166 AD3d at 809).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a "mixed claim" of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 [*2]proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
MASTRO, J.P., ROMAN, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court