(February 8, 1996)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL PEARSON, Appellant. [637 NYS2d 519] —Spain, J. Appeal from a judgment of the County Court of Albany County (Sheridan, J.), rendered March 5, 1993, upon a verdict convicting defendant of two counts of the crime of criminal sale of a controlled substance in the third degree.

Contending that the proof of the chain of custody of the drugs purchased from him was inadequate, defendant appeals his conviction of two counts of the crime of criminal sale of a controlled substance in the third degree. Defendant argues that the failure to specifically identify the City of Albany Police Officer to whom the drug evidence bag was turned over for placement in the police evidence locker creates a fatal gap in the chain of custody. Upon the facts of this case, we disagree and affirm.

The established rule in showing the authenticity of a fungible item of evidence permits the item's admission into evidence without the testimony of each individual through whose hands the evidence passed where circumstances provide reasonable assurances of the identity and unchanged nature of the proposed evidence (*see, People v Julian*, 41 NY2d 340, 343). Here, there are such reasonable assurances. The drugs were packaged in evidence bags to prevent prejudicial alteration by tampering and to provide identification, and processed by established procedures under normal circumstances (*see, People v Brathwaite*, 204 AD2d 733, *lv denied* 84 NY2d 823; *People v Drees*, 53 AD2d 735, 737). Any deficiencies in the chain of custody merely went to the weight to be accorded the evidence (*see, People v Leach*, 203 AD2d 483, *lv denied* 83 NY2d 968).

Cardona, P. J., Mikoll, Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed.