■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORLANDO PACHECO, Appellant. [711 NYS2d 566] —Mugglin, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered February 26, 1998 in Albany County, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

On July 8, 1997, an investigator with the Albany County Sheriff's Department met with a confidential informant for purposes of conducting an undercover operation to purchase heroin in the City of Albany. The confidential informant was subjected to a strip search of his person, outfitted with a concealed transmitter and given money with which to purchase the heroin. Following these preliminaries, the confidential informant was driven to a location in Albany where he was allowed to walk the streets under the surveillance of several teams of investigators in undercover police vehicles. The confidential informant eventually met an individual he knew as "Orlando" and, after a short discussion, the confidential informant entered the vestibule of a building with Orlando. While there, for $25, the confidential informant obtained from Orlando two separate tin foil packages allegedly containing heroin. After leaving Orlando, the confidential informant proceeded to a predesignated place to meet the investigators. Upon entering the police vehicle, he gave the two tin foil packets to an investigator and they returned to the investigator's office. At the office, the confidential informant was again strip-searched and debriefed regarding the transaction.

Following a jury trial, defendant was convicted of criminal

sale of a controlled substance in the third degree and sentenced as a second felony offender to an indeterminate term of imprisonment of 7 to 14 years. Defendant appeals from this judgment of conviction alleging that the tin foil packets were improperly admitted into evidence as a result of the People's failure to establish a sufficient chain of custody with respect thereto, that the evidence at trial was legally insufficient to establish the crime of criminal sale of a controlled substance in the third degree, that the verdict of guilty was against the weight of the evidence and that the sentence imposed was excessive.

We affirm. Defendant's claim that the tin foil packets were improperly admitted into evidence because the confidential informant failed to testify regarding his receipt of the packets from defendant and his delivery of them to the investigator is without merit. It is well settled that real evidence may be admitted at trial if the offering party establishes that the proffered evidence is identical to the evidence associated with the crime and that it has not been tampered with (*see, People v Julian*, 41 NY2d 340, 342-343). These elements are normally addressed through the testimony of each individual who came in contact with the proffered evidence, who will identify the same and attest to its custody and unchanged condition (*see, id.*, at 343). However, the testimony of each individual who came in contact with the proffered evidence is not necessary to establish the requisite chain of custody if the party offering the real evidence can provide reasonable assurances of its identity and unchanged nature (*see, People v Pearson*, 224 AD2d 779, *lv denied* 88 NY2d 940). Under these circumstances, any claimed deficiencies with respect to the chain of custody go to the weight the jury may accord the evidence and not its admissibility (*see, People v Pearson, supra*, at 779; *People v Leach*, 203 AD2d 483, *lv denied* 83 NY2d 968).

Here, although the confidential informant did not testify concerning the tin foil packets, the People did offer sufficient and reasonable assurances that the proffered evidence was, in fact, the two tin foil packets purchased from defendant by the confidential informant and that, when offered into evidence, they were in the same condition as when the confidential informant obtained them from defendant (*see, People v Tillie*, 239 AD2d 670, 673, *lv denied* 91 NY2d 881). Under the circumstances of this case, the confidential informant being an agent of the police, Supreme Court correctly concluded that the evidence was admissible. Thus, it was the province of the jury to determine what weight it should be given.

The remaining contentions of defendant are likewise without merit. The jury's verdict was supported by legally sufficient evidence because the evidence presented at trial reveals a valid line of reasoning from which a rational and reasonable person could conclude that defendant engaged in the conduct of which he was accused (*see, People v Bleakley*, 69 NY2d 490, 495). On this issue, the trial record is viewed in the light most favorable to the People, giving them the benefit of all favorable inferences (*see, People v Harper*, 75 NY2d 313, 316-317). Finally, viewing the evidence in a neutral light and making our own independent evaluation of its probative value and the reasonable inferences which may be drawn therefrom, we are convinced that the verdict is not against the weight of the evidence (*see, People v Bleakley, supra; People v Jefferson*, 248 AD2d 815, 817, *lv denied* 92 NY2d 926).

Defendant's contention that the sentence was excessive is unpersuasive. The determination of the sentence to be imposed lies within the sound discretion of the trial court and will not be disturbed absent clear abuse or the existence of some extraordinary circumstances (*see, People v Randolph*, 240 AD2d 856, 857), neither of which are demonstrated in the record.

Mercure, J. P., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.