■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS E. BATTISTINI, Appellant. [761 NYS2d 363] —Lahtinen, J. Appeal from a judgment of the County Court of Montgomery County (Catena, J.), rendered March 20, 2002, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (four counts) and criminal possession of a controlled substance in the third degree (four counts).

On four separate dates in May 2001, defendant allegedly made $40 sales of cocaine to informants who were acting in conjunction with police in the City of Amsterdam, Montgomery County. Three different informants were used to consummate the four purchases. In each situation, police conducted a strip search of the informant, outfitted him with a listening device and visually monitored him as he approached defendant. Each transaction took place out of police view behind a door, but police resumed visual monitoring as soon as the informant exited the door until he reached an officer. A field examination of the purchased substance was then conducted, revealing cocaine in each instance. The packets were secured and sent to a state police laboratory, where further testing confirmed the presence of cocaine in each of the four packets.

Defendant was indicted on four counts of criminal sale of a controlled substance in the third degree (*see* Penal Law § 220.39 [1]) and four counts of criminal possession of a controlled substance in the third degree (*see* Penal Law § 220.16 [1]). He was convicted by a jury on all eight counts. Sentenced as a second felony offender, defendant received consecutive jail terms of 10 to 20 years on each of the four sale charges. He also received 10 to 20 years on the possession charges, each to run concurrently with the corresponding sale conviction arising from the same date as the particular possession conviction. Defendant appeals.

Defendant initially argues that the prosecution failed to establish an adequate chain of custody for the four packets of cocaine and, thus, they should not have been received into evidence. The proper admission of real evidence such as packets of cocaine requires a showing of authenticity, which rests upon establishing "that it is the identical evidence and has not been tampered with" (*People v Julian,* 41 NY2d 340, 343 [1977]). One method of establishing authenticity is through a complete chain of custody (*see id.; People v Lanza,* 299 AD2d 649, 650 [2002]). Here, in addition to proof of police surveillance of the informants, the prosecution also introduced proof through witnesses and documents that each packet of cocaine was field tested positive, secured in a local evidence locker, transported to a state police lab, tested positive at the police lab, returned to the local evidence locker and then produced for trial. At trial, defendant objected to the chain of custody upon the ground that one of the police officers who transported the packets was not available to testify. In light of the proof presented regarding custody, we agree with County Court's ruling that the absence of the officer (whose wife was ill) did not

fatally undermine the reasonable assurances of identity and unchanged nature of the evidence and any deficiencies implicated by the officer not testifying went to the weight of the evidence (*see People v Flores-Ossa,* 234 AD2d 315, 315-316 [1996], *lv denied* 90 NY2d 857 [1997]; *People v Pearson,* 224 AD2d 779 [1996], *lv denied* 88 NY2d 940 [1996]).

Defendant further advances the argument that the chain of custody was broken by the failure of the informants to specifically identify the cocaine when testifying. Although this argument was not asserted at the time the evidence was offered and received at trial, we will nevertheless address the argument as a matter of discretion in the interest of justice (*see* CPL 470.15). As to three of the transactions, the informants testified to giving defendant $40, receiving a packet and then turning the packet over to police. Moreover, immediately before and after each transaction, the informants were under complete police surveillance. We conclude that, in each of these three situations, there was sufficient proof of authenticity and any deficiencies in the chain went to the weight of the evidence (*see People v Pacheco,* 274 AD2d 746, 747 [2000], *lv denied* 95 NY2d 937 [2000]). As to the fourth alleged transaction, the informant was deceased at the time of trial. No one testified to being involved in the transaction or observing the actual transaction. The officers who monitored the transaction with the listening device used by the informant related only inaudible and ambiguous statements. Moreover, there was no testimony that the informant and defendant were the only individuals present at the time of the purported transaction. Under such circumstances, we agree with defendant's argument that the chain of custody was not adequately established and the packet should not have been received into evidence. Accordingly, the conviction on counts four and eight, which arose from this alleged transaction, must be reversed (*see People v Rivera,* 184 AD2d 153, 155-156 [1993]; *People v Miller,* 174 AD2d 901, 902-903 [1991]).

Defendant next contends that reversible error occurred when the prosecutor, during his summation and in an apparent effort to infer that defendant had earned substantial income from selling drugs, drew the jury's attention to the fact that defendant had two lawyers. Defendant's objection was sustained and County Court immediately directed the jury that its verdict must be based upon the evidence and not speculation. Defendant later moved for a mistrial after the jury had been charged. County Court denied the motion, but permitted defendant to draft a curative instruction that the court read as a

supplemental charge to the jury. While the prosecutor's comment was clearly improper, we find the comment constituted harmless error in light of the curative instructions given by the court and the overwhelming evidence of defendant's guilt on the remaining charges (*see People v Baker,* 287 AD2d 879, 880 [2001], *lv denied* 97 NY2d 727 [2002]; *People v Taylor,* 223 AD2d 933, 935 [1996], *lv denied* 88 NY2d 854 [1996]).

Lastly, we turn to defendant's argument that the sentence was unduly harsh and excessive. County Court imposed less than the maximum permissible sentence on the criminal sale counts. While the sentences on each of those counts were consecutive, defense counsel acknowledged at oral argument that the application of Penal Law § 70.30 reduced the total sentence to 15 to 30 years.* Defendant had previously been convicted of drug trafficking and the current charges arose while he was still on parole for his prior conviction. We are not persuaded that County Court abused its discretion nor do we find extraordinary circumstances meriting a modification of the sentence (*see People v Cooper,* 303 AD2d 776, 779 [2003]; *People v Jones,* 295 AD2d 699 [2002]; *People v Shook,* 294 AD2d 710, 713-714 [2002], *lv denied* 98 NY2d 702 [2002]).

Crew III, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reversing defendant's convictions for criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree on counts four and eight of the indictment; said counts dismissed; and, as so modified, affirmed.

---

* We note that, because of the application of Penal Law § 70.30, the actual sentence of incarceration is not affected by our reversing and dismissing counts four and eight.