People v Conway (2020 NY Slip Op 00182)





People v Conway


2020 NY Slip Op 00182


Decided on January 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 9, 2020

109839

[*1]The People of the State of New York, Respondent,
v
Devin Conway, Appellant.

Calendar Date: November 18, 2019

Before: Garry, P.J., Lynch, Mulvey, Aarons and Colangelo, JJ.


Mark Schneider, Plattsburgh, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



Mulvey, J.
Appeal from a judgment of the County Court of Schenectady County (Blanchfield, J.), rendered July 17, 2017, upon a verdict convicting defendant of the crimes of attempted assault in the first degree, criminal possession of a weapon in the third degree, tampering with a witness in the fourth degree and criminal solicitation in the fourth degree.
Defendant was charged by indictment with various crimes stemming from allegations that he had attempted to run the victim over with a vehicle. Following a jury trial, defendant was convicted of attempted assault in the first degree, criminal possession of a weapon in the third degree, tampering with a witness in the fourth degree and criminal solicitation in the fourth degree. County Court thereafter sentenced defendant, as a second felony offender, to a prison term of eight years, followed by five years of postrelease supervision, on his conviction of attempted assault in the first degree and to lesser concurrent prison terms on the remaining convictions. Defendant appeals.
The conviction for attempted assault in the first degree is not against the weight of the evidence. Although defendant concedes that the evidence would permit a jury to infer that he intended to assault the victim, he argues that the evidence also supports the inference that he intended to only scare the victim. "When undertaking a weight of the evidence review, we must first determine whether, based on all the credible evidence, a different finding would not have been unreasonable and then weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony to determine if the verdict is supported by the weight of the evidence. When conducting this review, we consider the evidence in a neutral light and defer to the jury's credibility assessments" (People v Gill, 168 AD3d 1140, 1140-1141 [2019] [internal quotation marks and citations omitted]).
A conviction for attempted assault in the first degree requires proof that the defendant acted with the intent to cause serious physical injury to another person (see Penal Law §§ 110.00, 120.10 [1]). "Criminal intent may be inferred from the totality of the circumstances . . . [or] from the natural and probable consequences of [the] defendant's conduct" (People v Coleman, 151 AD3d 1385, 1386 [2017] [internal quotation marks, brackets and citations omitted], lv denied 29 NY3d 1125 [2017]).
The victim testified that he was walking his dog in the rear parking lot of a bingo hall when a blue SUV operated by defendant entered the parking lot, drove past him, made a U-turn and then accelerated in his direction. The victim also testified that, when he realized that he was directly in the path of the accelerating SUV, he moved out of the way as quickly as possible and, had he not done so, he would have been "finished." He emphasized that the SUV was aimed directly at him and never braked or swerved to avoid him. The victim's testimony was corroborated by a video recording that captured part of the incident. In light of the uncontradicted evidence that defendant aimed a vehicle at the victim and took no evasive action, a different verdict would have been unreasonable on the charge of attempted assault in the first degree. Accordingly, we reject outright defendant's claim that this conviction was against the weight of the evidence (see People v Youngs, 175 AD3d 1604, 1609 [2019]; People v Henry, 173 AD3d 1470, 1478 [2019], lv denied 34 NY3d 932 [2019]).
Defendant further contends that County Court's Molineux ruling deprived him of a fair trial. "[E]vidence of uncharged crimes or prior bad acts may be admitted where they fall within the recognized Molineux exceptions — motive, intent, absence of mistake, common plan or scheme and identity — or where such proof is inextricably interwoven with the charged crimes, provides necessary background or completes a witness's narrative" (People v Turner, 172 AD3d 1768, 1771-1772 [2019] [internal quotation marks and citations omitted], lvs denied 34 NY3d 930, 939 [2019]). The victim testified that, in 2014, defendant had yelled to the victim, calling the victim's brother a snitch, and on a separate occasion the victim witnessed his brother running down the street crying and yelling that he had been sprayed in the face with mace by defendant. The victim's brother was later shot and killed and, in connection with the murder investigation, the victim informed the police about the animus that defendant had previously exhibited towards the victim's brother. Defendant was aware that he was investigated as a possible suspect in the murder investigation based on the victim's report to the police and, during a telephone call he made from jail to his mother, stated that the victim and his brother had slandered him and that the victim's brother "got what he deserved." As County Court found, this information showing the resentment that defendant had directed against the victim and his brother was relevant to the issues of identity, motive and intent, and the probative value outweighed the prejudice to defendant (see People v Saunders, 176 AD3d 1384, 1390 [2019]; People v Turner, 172 AD3d at 1772; People v Burnell, 89 AD3d 1118, 1121 [2011], lv denied 18 NY3d 922 [2012]; People v Tarver, 2 AD3d 968, 969 [2003]). Accordingly, we cannot say that County Court's Molineux ruling constituted an abuse of discretion.
Defendant also contends that County Court erred in denying his motion for a mistrial following testimony from the victim suggesting that defendant had a propensity for attempting to run people over with motor vehicles. After the victim described the incident when defendant had called the victim's brother a snitch, the People asked if there "was . . . another incident involving your brother," and defendant responded by stating that his "brother was walking home from the corner store around the Parkwood Boulevard area and he basically almost got ran [sic] over by — ." Defense counsel objected before the victim completed his sentence. The court sustained the objection and instructed the jury to disregard the testimony.
"[T]he decision to grant or deny a motion for a mistrial is within the trial court's discretion and its decision will not be disturbed unless it amounts to an abuse of discretion" (People v Newkirk, 75 AD3d 853, 856 [2010] [internal quotation marks and citation omitted], lv denied 16 NY3d 834 [2011]). The prompt objection by defendant's counsel prevented the victim from identifying the individual who had attempted to run over his brother. Moreover, even if his testimony is viewed as impliedly having identified defendant, when considered in light of the overwhelming evidence of defendant's guilt, the impropriety was not so egregious as to deny defendant a fair trial (see id.). Additionally, any prejudice was alleviated by County Court's thorough and appropriate curative instruction to the jury (see People v Johnson, 176 AD3d 1392, 1396 [2019]; People v Silver, 168 AD3d 1225, 1227 [2019], lvs denied 34 NY3d 948, 954 [2019]; People v Newkirk, 75 AD3d at 857). Accordingly, we conclude that defendant was not denied a fair trial and, therefore, that County Court's denial of his motion for a mistrial was not an abuse of discretion.
Defendant failed to preserve his argument that County Court erred by declining the jury's request for a written copy of the jury charges, and we decline to exercise our interest of justice jurisdiction with respect thereto. Given the nature of defendant's crime, we find unavailing his contention that the sentence imposed was harsh and excessive (see People v Turner, 172 AD3d at 1773; People v Pitt, 170 AD3d 1282, 1286 [2019], lv denied 33 NY3d 1072 [2019]). Defendant's remaining contentions have been reviewed and found to be lacking in merit.
Garry, P.J., Lynch, Aarons and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.