People v Walters (2020 NY Slip Op 07433)





People v Walters


2020 NY Slip Op 07433


Decided on December 10, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 10, 2020

109833

[*1]The People of the State of New York, Respondent,
v
Kenny Walters, Also Known as Baby Boy, Appellant.

Calendar Date: October 21, 2020

Before: Egan Jr., J.P., Mulvey, Aarons, Pritzker and Colangelo, JJ.


Matthew C. Hug, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



Aarons, J.
Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered October 3, 2017, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the second degree and criminal sale of a firearm in the third degree.
The facts are set forth in a prior appeal involving codefendant Jeffrey Hilts, with whom defendant was jointly tried (People v Hilts, 187 AD3d 1408 [2020]). Briefly, a confidential informant (hereinafter CI) was working with the Federal Bureau of Investigation (hereinafter FBI) and arranged to purchase a gun from Hilts. The sale was eventually completed by defendant, after which he was charged by indictment with multiple crimes. Following a jury trial with Hilts, defendant was convicted of criminal possession of a weapon in the second degree and criminal sale of a firearm in the third degree. County Court thereafter sentenced defendant to a term of imprisonment, to be followed by a period of postrelease supervision. Defendant appeals. We affirm.
Defendant's contention that the verdict was not supported by legally sufficient evidence is unpreserved for our review because the specific grounds being advanced on appeal were not the grounds asserted in his trial motion to dismiss (see People v Meadows, 180 AD3d 1244, 1245 [2020], lv denied 35 NY3d 994 [2020]; People v Norman, 154 AD3d 1185, 1186 [2017], lv denied 31 NY3d 986 [2018]). Defendant nevertheless contends that the verdict was against the weight of the evidence. Where, as here, "a contrary result would not have been unreasonable, we weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (People v Novak, 148 AD3d 1352, 1354 [2017] [internal quotation marks and citations omitted], lv denied 29 NY3d 1084 [2017]; see People v Arhin, 165 AD3d 1487, 1488 [2018]).
The record discloses that the CI arranged to purchase a gun from Hilts. At the time of the arranged sale, the CI went to Hilts' house. The CI went to the back of the house and encountered defendant, among other individuals. The CI testified that he requested that defendant discharge a bullet from the gun's chamber, a request with which defendant complied. The CI stated that he then gave defendant money in exchange for the gun, magazines and ammunition. After the sale, the CI returned to the FBI agent and gave him the gun, magazines and ammunition. The gun was subsequently test fired and determined to be operable. An investigator assisting the FBI testified that he obtained a report after checking the serial number of the gun and stated that defendant did not have the right to possess or sell it. Viewing this evidence, as well as the video evidence, in a neutral light, we are satisfied that defendant's convictions for criminal possession of a weapon in the second degree and criminal sale of a firearm in the third degree are supported by the weight of the evidence[*2](see Penal Law §§ 265.03 [3]; 265.11 [1]; People v Hilts, 187 AD3d at 1414).
Defendant contends that County Court erred in admitting the gun, magazines and ammunition into evidence due to gaps in the chain of custody. "The failure to establish a complete chain of custody may be excused where there are reasonable assurances of the identity and unchanged condition of the evidence" (People v Howard, 305 AD2d 869, 870 [2003] [internal quotation marks and citation omitted], lv denied 100 NY2d 583 [2003]). Both the CI and the FBI agent testified that the challenged evidence that was admitted into evidence was the same as involved in the controlled buy. The foregoing thus established reasonable assurances of the identity of the gun, magazines and ammunition (see People v Gilmore, 72 AD3d 1191, 1192-1193 [2010]; People v Pacheco, 274 AD2d 746, 747 [2000], lv denied 95 NY2d 937 [2000]; People v Capers, 105 AD2d 842, 843 [1984]; People v Schoonmaker, 103 AD2d 936, 937 [1984]). Although one individual who logged the gun into evidence did not testify at trial, the absence of his testimony did not undermine the reasonable assurances provided by the testimony of the CI and the FBI agent (see People v Battistini, 306 AD2d 636, 637 [2003], lv denied 1 NY3d 568 [2003]; People v Pacheco, 274 AD2d at 747). Regardless, any gaps in the chain of custody go to the weight to be accorded to the challenged evidence and not its admissibility (see People v Hawkins, 11 NY3d 484, 494 [2008]; People v Meadows, 180 AD3d at 1247). Likewise, any discrepancy in the description of the gun caliber goes to the weight of the evidence (see People v Lanza, 299 AD2d 649, 650-651 [2002], lv denied 100 NY2d 540 [2003]).
Defendant also argues that County Court's Molineux ruling permitting the People to offer evidence of his and Hilts' gang affiliation was erroneous. Initially, we note that it does not appear from the record that any gang affiliation evidence with respect to defendant was admitted. To the extent that it was, and to the extent that evidence of Hilts' gang affiliation was admitted, defendant's argument is without merit for the reasons stated in People v Hilts (187 AD3d at 1414). Defendant's assertion that the court erred in denying his motion for a mistrial based upon certain testimony given by the FBI agent at trial is likewise without merit for reasons stated in People v Hilts (187 AD3d at 1415).
Egan Jr., J.P., Mulvey, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.