People v Colter (2022 NY Slip Op 04055)

People v Colter

2022 NY Slip Op 04055

Decided on June 23, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 23, 2022

111988
[*1]The People of the State of New York, Respondent,
v
Patrick Colter, Appellant.

Calendar Date:April 20, 2022

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Adam G. Parisi, Schenectady, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (Zachary S. Persichini of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeals (1) from a judgment of the County Court of Chemung County (Rich Jr., J.), rendered September 13, 2019, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the second degree, and (2) from a judgment of said court, rendered November 22, 2019, which resentenced defendant.
While on patrol on the evening of September 1, 2018, a deputy sheriff observed a vehicle making a right-hand turn at a high rate of speed. As a result, the deputy began to follow the vehicle. Shortly thereafter, the deputy received information that a vehicle — matching the description of the vehicle that he was following — had been involved in an incident at a local bar. The deputy conducted a traffic stop, and a subsequent search of the vehicle revealed, among other things, a handgun and a loaded magazine fitting the handgun. Defendant was thereafter charged in an indictment with criminal possession of a weapon in the second degree. Following a jury trial, defendant was convicted as charged. Defendant was sentenced, and, to correct an error, later resentenced to a prison term of 4½ years, to be followed by 2½ years of postrelease supervision.[FN1] Defendant appeals.
Several of defendant's arguments are unpreserved for our review due to his failure to properly raise them before County Court. By failing to object to the inclusion of the automobile presumption in the final charge, defendant has not preserved his contention (see People v Jin Cheng Lin, 26 NY3d 701, 729 [2016]; People v Santiago, 185 AD3d 1151, 1152 [2020], lv denied 35 NY3d 1097 [2020]; People v Stokes, 159 AD3d 1041, 1042-1043 [2018].[FN2] Defendant also failed to preserve his argument that County Court erred in discharging juror No. 1, as he made no objection to the juror's discharge or to the sufficiency and reasonableness of the court's inquiry, nor did he request that such an inquiry be conducted (see People v Hicks, 6 NY3d 737, 739 [2005]; People v West, 166 AD3d 1080, 1083 [2018], lv denied 32 NY3d 1129 [2018]; People v Coleman, 32 AD3d 1239, 1240 [2006], lv denied 8 NY3d 844 [2007]).
Defendant contends that the verdict is not supported by legally sufficient evidence and, further, is against the weight of the evidence. "When considering a challenge to the legal sufficiency of the evidence, [this Court] view[s] the evidence in the light most favorable to the People and evaluate[s] whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (People v Hernandez, 180 AD3d 1234, 1235 [2020] [internal quotation marks and citations omitted], lv denied 35 NY3d 993 [2020]; see People v Colon, 177 AD3d 1086, 1087 [2019]). "In contrast, when undertaking a weight of the evidence review, [this Court] must first determine whether, based on all the credible [*2]evidence, a different finding would not have been unreasonable and then, if not, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony to determine if the verdict is supported by the weight of the evidence" (People v Dickinson, 182 AD3d 783, 783-784 [2020] [internal quotation marks, brackets and citations omitted], lv denied 35 NY3d 1065 [2020]; see People v Walters, 189 AD3d 1769, 1770 [2020], lvs denied 36 NY3d 1094, 1101 [2021]).
As relevant here, "[a] person is guilty of criminal possession of a weapon in the second degree when . . . such person possesses any loaded firearm. Such possession shall not . . . constitute a violation of this subdivision if such possession takes place in such person's home or place of business" (Penal Law § 265.03 [3]). A "'[l]oaded firearm' means any firearm loaded with ammunition or any firearm which is possessed by one who, at the same time, possesses a quantity of ammunition which may be used to discharge such firearm" (Penal Law § 265.00 [15]). "Constructive possession can be demonstrated where there is evidence — either direct or circumstantial — that [the] defendant exercised dominion and control over the weapon or the area in which it was found" (People v Oliver, 135 AD3d 1188, 1190 [2016] [internal quotation marks and citations omitted], lv denied 27 NY3d 1003 [2016]; see People v Cherry, 149 AD3d 1346, 1347 [2017], lv denied 29 NY3d 1124 [2017]). "[S]ubject to certain exceptions not applicable here, the presence in an automobile of any firearm is presumptive evidence of its possession by all persons occupying such automobile at the time such weapon is found" (People v Rawlinson, 170 AD3d 1425, 1426-1427 [2019] [internal quotation marks, brackets, ellipses and citation omitted], lv denied 33 NY3d 1107 [2019]; see Penal Law § 265.15 [3]; People v Tabb, 12 AD3d 951, 952 [2004], lv denied 4 NY3d 768 [2005]).
The People presented testimonial evidence from a deputy sheriff, several police officers, and an investigator/firearms instructor. The deputy sheriff averred that he observed a vehicle, with three silhouettes inside the vehicle, take a right-hand turn at a high rate of speed. He began to follow the vehicle into a parking lot, where the vehicle parked. Shortly thereafter, the deputy sheriff observed the driver and the passengers outside the vehicle. Simultaneously, the deputy received information over the radio and noticed that the vehicle and two of its subjects — a very tall male and a short male — matched the description of a vehicle and subjects involved in an earlier incident at a bar. Based on this information, the deputy sheriff directed the subjects to return to the vehicle and observed defendant veer off, circle an adjacent tan-colored sedan and make a slight throwing motion, after which he heard a metal object hit the ground. After other police officers arrived and handcuffed the subjects, [*3]the deputy sheriff retrieved an empty magazine from under the tan sedan. A police officer testified that he searched the vehicle and recovered, among other items, a loaded Sig Sauer 9-millimeter magazine, a Sig Sauer holster, a Sig Sauer handgun under the passenger front seat and a black-and-red work glove from the front passenger seat. The police officer also noted that the front seat was set very far back. A second police officer made contact with one of the subjects — who was 6 feet 6 inches tall — and found a similar red-and-black work glove hanging out of the right-hand pocket of his hoodie. Lastly, the investigator averred that the handgun was operable because he test-fired it, utilizing the ammunition from the magazine found in the vehicle. Defendant did not testify.
Defendant contends that the verdict is not supported by legally sufficient evidence because the automobile presumption of possession does not apply. To that end, defendant reasons that no one witnessed him inside the vehicle or exit the vehicle, he was outside the vehicle when the handgun was found and the other subjects allegedly had an opportunity to place the handgun in the vehicle while he was outside of it; therefore, the automobile presumption is inapplicable. It is undisputed that the deputy sheriff observed three silhouettes inside the vehicle and, shortly after the vehicle parked, the deputy sheriff observed defendant and two other subjects walking away from the vehicle — although the deputy did not observe defendant and the subjects exit the vehicle. The deputy sheriff further observed defendant throw an empty magazine — which fit the handgun found in the vehicle — under a nearby vehicle. The police recovered a handgun, a loaded magazine, and a glove that matched a glove that was in physical possession of one of the subjects, from the vehicle immediately after defendant and the other suspects began walking away from the vehicle. This evidence, viewed in the light most favorable to the People, provided a basis for application of use of the automobile presumption. Further, the evidence fails to rebut the automobile presumption as no other individuals were observed at or around the vehicle. The vehicle, defendant and the two other subjects were continually under surveillance from the time that they began walking away from the vehicle until the handgun and magazine were found inside it, and the subjects did not re-enter the vehicle. The foregoing proof provided a basis for application of the presumption of possession, and the evidence presented is legally sufficient to support defendant's conviction (see People v Sostre, 172 AD3d 1623, 1626 [2019], lv denied 34 NY3d 938 [2019]; People v Ware, 28 AD3d 1124, 1125 [2006], lv denied 7 NY3d 852 [2006]; People v Tabb, 12 AD3d at 952).
Turning to the weight of the evidence analysis, a different result would not have been unreasonable insofar as no witness saw defendant exit the vehicle or physically possess the [*4]handgun, and there was no fingerprint or DNA evidence directly linking defendant to the handgun. Nevertheless, when we view the evidence in a neutral light and accord deference to the jury's credibility determinations, we are not persuaded that the verdict is against the weight of the evidence as a jury could reasonably infer that defendant had constructive possession of the handgun based on his close proximity to the vehicle containing the handgun and fully loaded magazine, and the testimony of the deputy sheriff that he observed defendant's slight throwing motion toward the tan sedan where the empty magazine was recovered. The jury also could infer that the parking lot was not defendant's home or his place of business. Moreover, defendant did not rebut the presumption of possession because he failed to testify or show that the People's witnesses were not credible (see People v Ruffin, 191 AD3d 1174, 1178 [2021], lv denied 37 NY3d 960 [2021]; People v Rawlinson, 170 AD3d at 1428; People v Oliver, 135 AD3d at 1191).
Next, we reject defendant's contention that his counsel was ineffective for failing to, among other things, object to County Court's inclusion of the automobile presumption in the jury charge and for the discharge of juror No. 1. "In general, in order to sustain a claim of ineffective assistance of counsel, a court must consider whether defense counsel's actions at trial constituted egregious and prejudicial error such that the defendant did not receive a fair trial. A claim will fail so long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (People v Stover, 178 AD3d 1138, 1147 [2019] [internal quotation marks, brackets and citations omitted], lv denied 34 NY3d 1163 [2020]; see People v Porter, 184 AD3d 1014, 1018-1019 [2020], lv denied 35 NY3d 1069 [2020]). Counsel's failure to lodge an objection that has little or no chance of success does not constitute the ineffective assistance of counsel (see People v Bostic, 174 AD3d 1135, 1137 [2019], lv denied 34 NY3d 1015 [2019]; People v Brown, 169 AD3d 1258, 1260 [2019], lv denied 33 NY3d 1029 [2019]). Viewing the record as a whole, defense counsel engaged in discovery, filed an omnibus motion, moved to suppress evidence, had a clear trial strategy, effectively cross-examined witnesses and made cogent opening and closing statements, and we are therefore satisfied that defendant was provided with meaningful representation (see People v Lekovic, 200 AD3d 1501, 1505 [2021], lv denied 38 NY3d 1008 [2022]; People v Smith, 193 AD3d 1260, 1268 [2021], lv denied 37 NY3d 968 [2021]; People v Ruffin, 191 AD3d at 1183).
Pritzker and Ceresia, JJ., concur.
Aarons, J.P. (dissenting).
We respectfully dissent. We agree with the majority that the verdict is supported by legally sufficient evidence and is not against the weight of the evidence. In our [*5]view, however, County Court did not satisfy the commands of CPL 270.35 (2) (a) when discharging juror No. 1. Although defendant did not object to the discharge of juror No. 1, we would take corrective action in the interest of justice and order a new trial due to the court's error.
If a juror is unable to continue serving due to an illness, "the court shall make a reasonably thorough inquiry concerning such illness . . . and shall attempt to ascertain when such juror will be appearing in court" (CPL 270.35 [2] [a]). If that juror does not appear or, in the court's estimation, there is no reasonable likelihood that the juror would appear within two hours of the time trial was set to commence, "the court may presume such juror is unavailable for continued service and may discharge such juror" (CPL 270.35 [2] [a]). A court cannot make this presumption "without conducting the requisite reasonably thorough inquiry and determining that a juror is not likely to appear within two hours" (People v Lang, 35 NY3d 222, 226 [2020] [internal quotation marks and citation omitted]).
The record reflects that, on the day at issue and approximately 30 minutes after the scheduled start of the trial, County Court noted that juror No. 1 was not present. The court remarked, "She did leave sick yesterday," and, after such remark, stated that it was necessary to replace juror No. 1 with an alternate juror. Defense counsel then inquired whether the court had received any notification from juror No. 1, to which the court responded in the negative and stated, "She's just plain not here." The court noted again that juror No. 1 "left early yesterday ill . . . not long after being selected" and that the "matter need[ed] to go forward."
Based on what transpired at trial, County Court did not fulfill the requirements of CPL 270.35 (2) (a). First, there was no reasonably thorough inquiry — let alone, any inquiry — as to juror No. 1's absence. Although juror No. 1 was apparently ill on the day when she was selected for service, the court did not bother to learn if she continued to be ill. It seems that the court merely speculated that, because juror No. 1 was ill the day before, she continued to be ill and that was the reason why she did not show up at the scheduled time for the start of the trial. Such speculation, however, does not meet the standard of conducting a reasonably thorough inquiry. Second, even if it could be said that the court did make a reasonably thorough inquiry, the court still failed to ascertain when juror No. 1 would return to court. The record discloses that, prior to discharging juror No. 1, the court neither heard from nor reached out to her to see if she would not be making it for the trial or if she was en route to the courthouse (see People v Lang, 35 NY3d at 226; compare People v Robinson, 127 AD3d 588, 588 [2015], lv denied 25 NY3d 1206 [2015]; People v Tyrell, 82 AD3d 1352, 1356 [2011], lv denied 17 NY3d 810 [2011]). In view of the [*6]court's failure to comply with CPL 270.35 (2) (a) (see People v Lang, 35 NY3d at 226; People v Sargeant, 239 AD2d 444, 444 [1997]), we would order a new trial in the interest of justice (see People v Engstrom, 86 AD3d 580, 581 [2011]).
Fisher, J., concurs.
ORDERED that the judgments are affirmed.

Footnotes

Footnote 1: Defendant was initially sentenced to a prison term of five years, followed by two years of postrelease supervision. To correct an error with the original sentence, defendant was resentenced as set forth above.

Footnote 2: However, the automobile presumption will be addressed as part of defendant's contention that the verdict is not supported by legally sufficient evidence and is against the weight of the evidence.