People v Reynolds (2025 NY Slip Op 03607)

People v Reynolds

2025 NY Slip Op 03607

Decided on June 12, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 12, 2025

CR-23-2410
[*1]The People of the State of New York, Respondent,
v
Laura Johnson Reynolds, Appellant.

Calendar Date:April 28, 2025

Before:Garry, P.J., Egan Jr., Clark, Lynch and Mackey, JJ.

Carolyn B. George, Albany, for appellant.
Joseph G. Fazzary, District Attorney, Watkins Glen (Jeremy J. Hourihan of counsel), for respondent.

Mackey, J.
Appeal from a judgment of the County Court of Schuyler County (Richard Wallace, J.), rendered June 15, 2023, upon a verdict convicting defendant of the crime of perjury in the first degree (two counts).
Defendant was called to testify before a grand jury and at trial in the prosecution of her brother, Jared Johnson, on charges related to his driving while intoxicated. In her testimony, defendant repeatedly asserted that she, not Johnson, had been driving at the relevant time; Johnson was ultimately convicted. Defendant was subsequently charged by indictment with two counts of perjury, alleging that she had falsely testified before the grand jury (count 1) and at trial (count 2). At the conclusion of a four-day trial, a jury found defendant guilty as charged. Defendant subsequently moved to set aside the verdict pursuant to CPL 330.30 (1), based primarily upon references to her criminal record at trial, which motion was denied. Prior to sentencing, the trial judge (Hayden, J.) recused himself based upon defendant's challenge to the People's notice of second felony offender status, as he had been an assistant district attorney at the time of defendant's prior felony conviction. Defendant was thereafter sentenced before a different judge (Wallace, J.), as a second felony offender, to a prison term of 2 to 4 years on count 1 and, as a first-time felony offender, to a prison term of 1 to 3 years on count 2, with the sentences to run concurrently. Defendant appeals.
We first address defendant's contention that her speedy trial rights were violated based upon the People's failure to timely provide the transcript of a certain witness' trial testimony given in the underlying Johnson prosecution. The People must be ready for trial within six months of the commencement of a criminal action involving a felony (see CPL 30.30 [1] [a]). To this end, CPL article 245 requires the People to disclose "all items and information that relate to the subject matter of the case and are in the possession, custody or control of the prosecution or persons under the prosecution's direction or control" (CPL 245.20 [1]; see CPL 245.20 [2]). The People must then file a certificate of compliance (hereinafter COC) affirming that, "after exercising due diligence and making reasonable inquiries to ascertain the existence of material and information subject to discovery, the prosecutor has disclosed and made available all known material and information subject to discovery" (CPL 245.50 [1]). Due diligence "is a familiar and flexible standard that requires the People to make reasonable efforts to comply with statutory directives" (People v Bay, 41 NY3d 200, 211 [2023] [internal quotation marks and citation omitted] and "[a]n analysis of whether the People made reasonable efforts sufficient to satisfy CPL article 245 is fundamentally case-specific, as with any question of reasonableness, and will turn on the circumstances presented" (id. at 212). "[T]he People bear the burden of establishing [*2]that they did, in fact, exercise due diligence and made reasonable inquiries prior to filing the initial COC despite a belated or missing disclosure. If the prosecution fails to make such a showing, the COC should be deemed improper, the readiness statement stricken as illusory, and — so long as the time chargeable to the People exceeds the applicable CPL 30.30 period — the case dismissed" (id. at 213 [internal citations omitted]).
Defendant was arraigned on December 10, 2021 and, after filing an initial COC, the People filed a supplemental COC on January 25, 2022 (see CPL 30.30 [1] [a]). The record demonstrates that the People provided timely, extensive and relevant disclosures to defendant prior to filing their supplemental COC. In challenging the People's disclosures, defendant points solely to one item, the transcript of one witness' testimony in the Johnson trial (see CPL 245.20 [1] [b]). Although the grand jury testimony and other relevant statements of that witness were timely disclosed, the People concede that an oversight resulted in their not obtaining the witness' trial transcript at an earlier time. Nevertheless, once the People obtained the transcript it was immediately conveyed to defendant, on November 1, 2022. Notably, defendant contributed significantly to the delay, given her failure to raise the perceived discovery issue between June 2022, when she allegedly became aware thereof, and October 2022 when she finally brought the issue to the People's attention, roughly one month prior to the commencement of jury selection. Under these circumstances, and as the record reflects that the People exercised due diligence and made reasonable efforts to satisfy their obligations under CPL article 245, defendant's motion to dismiss the indictment on speedy trial grounds was properly denied (see People v Contompasis, 236 AD3d 138, 150-151 [3d Dept 2025]; People v Drayton, 231 AD3d 1057, 1060 [2d Dept 2024], lv denied 43 NY3d 930 [2025]; see generally People v Bay, 41 NY3d at 213-214).
We are likewise unpersuaded that County Court (Hayden, J.) erred in denying defendant's motion for a mistrial based upon the People's presentation of her grand jury testimony to the jury, in which she had referenced her "record." "The decision to grant or deny a motion for a mistrial is within the trial court's discretion and its decision will not be disturbed unless it amounts to an abuse of discretion" (People v Conway, 179 AD3d 1218, 1220 [3d Dept 2020] [internal quotation marks, brackets and citations omitted], lv denied 35 NY3d 941 [2020]; accord People v Dawson, 195 AD3d 1157, 1162 [3d Dept 2021], affd 38 NY3d 1055 [2022]). As is the case here, "[w]hile not admissible to demonstrate bad character generally or a propensity to commit the charged crimes, evidence of uncharged crimes or bad acts may be admitted if it . . . is inextricably interwoven with the charged crime . . . [or] completes a witness's narrative" (People v Hebert, 218 AD3d 1003, 1009 [3d Dept [*3]2023] [internal quotation marks and citations omitted], lv denied 40 NY3d 1080 [2023]; see People v Hodge, 224 AD3d 1082, 1088 [3d Dept 2024], lv denied 41 NY3d 1002 [2024]). Where such evidence "is relevant to a proper nonpropensity purpose, the decision whether to admit it rests upon the trial court's discretionary balancing of probative value and unfair prejudice" (People v Scaringe, 137 AD3d 1409, 1416 [3d Dept 2016] [internal quotation marks, brackets, ellipsis and citation omitted], lv denied 28 NY3d 936 [2016]; see People v Kendricks, 226 AD3d 1150, 1154-1155 [3d Dept 2024], lv denied 41 NY3d 1003 [2024]).
Here, transcripts of defendant's testimony in Johnson's case were admitted into evidence, with redactions, upon the parties' on-the-record stipulation. As they had indicated was their intent, the People later read portions of these transcripts to the jury. In reference to defendant's explanation under oath as to why she did not tell police at the scene that she had been the driver, the People read defendant's grand jury testimony as redacted: "Question: What were you worried about? You didn't do anything wrong. Answer: No, but I have in the past, I have a . . . record, so, yes, I was worried." Defense counsel objected and moved for a mistrial, arguing that any reference to defendant's criminal record should have been redacted per the parties' agreement. There was a dispute as to what exactly had been agreed to by the parties and, accordingly, County Court adjourned until the following day to permit them the opportunity to support their positions. The next day, defense counsel agreed with the court that nothing in the parties' stipulation on the record indicated that all references to defendant's criminal history were to be redacted.[FN1] In ultimately denying defendant's motion, the court instructed the jury that the reference to defendant's "record" was to be considered for the limited purpose of explaining why she was not initially present at the scene and did not later approach the vehicle. Accordingly, as the reference to defendant's criminal record was relevant to her defense that she had, in fact, truthfully testified that she had been driving despite not being present when police arrived, the probative value of such evidence outweighed its prejudicial effect and thus County Court's ruling in this regard was not an abuse of discretion (see People v Hebert, 218 AD3d at 1009-1010; People v Silver, 168 AD3d 1225, 1226 [3d Dept 2019], lv denied 33 NY3d 954 [2019]). The court thereafter gave an appropriate limiting instruction to the jury, mitigating any potential prejudice to defendant (see People v Kendricks, 226 AD3d at 1155; People v Hebert, 218 AD3d at 1010). Although we agree that a limiting instruction should generally be promptly given, we do not find, under the peculiar circumstances presented here, that the court's decision to adjourn the matter prior to rendering a determination on defendant's motion, and instructing the jury accordingly[*4], necessitates a different result (see generally People v Ferguson, 191 AD2d 809, 810-811 [3d Dept 1993]; People v Hathaway, 159 AD2d 748, 751 [3d Dept 1990]).
We find no merit to defendant's related ineffective assistance of counsel claim, predicated primarily upon trial counsel's failure to ensure that any reference to her criminal record had been completely redacted from the grand jury transcript admitted into evidence and read for the jury. Although trial counsel admittedly failed to timely recognize that defendant's aforementioned grand jury testimony had not been redacted, as evidently intended, prior to being read to the jury, it bears repeating that such evidence was otherwise admissible and was, in fact, supportive of defendant's position that she did not perjure herself when testifying under oath in Johnson's prosecution. In any event, trial counsel thereafter immediately objected to the introduction of defendant's prior statement and vigorously pursued a mistrial. The record further reflects that trial counsel actively engaged in pretrial motion practice and successfully raised objections throughout trial. Viewing the totality of the circumstances, we conclude that defendant received meaningful representation (see People v Colter, 206 AD3d 1371, 1375-1375 [3d Dept 2022], lv denied 38 NY3d 1149 [2022]; People v Valentin, 173 AD3d 1436, 1440-1441 [3d Dept 2019], lv denied 34 NY3d 954 [2019]). Defendant's ineffective assistance arguments related to the preclusion of potentially exculpatory bodycam video footage concern matters outside the record and, thus, are more properly the subject of a CPL article 440 motion (see People v Morse, 230 AD3d 1471, 1473 [3d Dept 2024]).
Defendant failed to preserve her argument that the trial judge should have recused earlier in the proceedings, based upon his involvement in Johnson's prior DWI conviction.[FN2] County Court addressed this potential issue at a pretrial hearing and explained that it found no basis for recusal, and defendant did not raise any concerns in this regard notwithstanding the court's invitation to do so (see People v Matthews, 159 AD3d 1043, 1045 [3d Dept 2018]; People v Garrow, 148 AD3d 1459, 1460 [3d Dept 2017], lv denied 29 NY3d 1031 [2017]).
Finally, we are unpersuaded by defendant's challenge to the severity of her sentence, as she received the minimum sentence permitted by statute (see Penal Law §§ 70.00 [2] [d]; [3] [b]; [4]; 70.06 [3] [d]; [4] [b]; 210.15; People v Rhodes, 203 AD3d 1316, 1318 [3d Dept 2022]). Defendant's remaining contentions, to the extent preserved, have been considered and found to be lacking in merit.
Garry, P.J., Egan Jr., Clark and Lynch, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: The People conceded that they had agreed by email to redact any reference to defendant's criminal record from the transcript of her grand jury testimony, but that the parties had neglected to address that in their stipulation on the record. The email was not provided to County Court and does not appear in the record on appeal.

Footnote 2: As to defendant's assertion that the trial court should have recused because he had also been involved in Johnson's later criminal trial, from which the perjury charges against defendant stem, the record does not reflect that he presided over that matter.